UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ANTHONY GRIFFIN, *et al.*,

                Plaintiffs,

-against-                                5:16-CV-00354 (LEK/ATB)

ALDI, INC., *et al.*,

                Defendants.

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

Plaintiffs Anthony Griffin, Mark McIndoo, and Susan DeTomaso commenced this class and collective action against defendant Aldi, Inc. and Doe Defendants 1–10 pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and New York state law, Dkt. No. 1 ("Complaint") ¶ 1. Presently before the Court is Aldi's motion to dismiss Plaintiffs' unjust enrichment claim. Dkt. Nos. 15 ("Motion"), 13 ("Memorandum"). Plaintiffs responded to Aldi's Motion, Dkt. No. 18 ("Response"), and Aldi filed a reply, Dkt. No. 19 ("Reply"). For the following reasons, Aldi's Motion is granted.

### II.    BACKGROUND[1]

Plaintiffs are all former store managers at various Aldi locations in upstate New York. Compl. ¶¶ 122, 136, 151. Aldi is a worldwide discount supermarket chain. Id. ¶ 17. Aldi keeps

---

[1] Because this case is before the Court on a motion to dismiss for failure to state a claim, the allegations of the Complaint are accepted as true and form the basis of this section. See Boyd v. Nationwide Mut. Ins. Co., 208 F.3d 406, 408 (2d Cir. 2000); see also Matson v. Bd. of Educ., 631 F.3d 57, 72 (2d Cir. 2011) (noting that, in addressing a motion to dismiss, a court must view a plaintiff's factual allegations "in a light most favorable to the plaintiff and draw[] all reasonable inferences in her favor"). Moreover, the Court recites only those facts necessary to the resolution of the pending motion.

costs low by "primarily offering only Aldi-branded products . . . and [by] eliminati[ng] . . . conventional supermarket services." Id. ¶ 18. Aldi also keeps expenses down by minimizing labor costs; the typical Aldi store is staffed by only two or three employees at a time. Id. ¶ 19. The gravamen of Plaintiffs' Complaint is that Aldi has been mistakenly classifying store managers as "exempt" employees under the FLSA, thereby depriving them of overtime pay to which they are entitled under that statute and New York state law. Id. ¶ 1.

Store managers at Aldi are "salaried employees" who are scheduled to work fifty hours a week, though they often end up working sixty- or seventy-hour weeks. Id. ¶ 44. A store manager who works fewer than fifty hours in a particular week must make up the missing hours later. Id. ¶ 45. Store managers "have no meaningful discretion in the operation of the store," and the bulk of their duties—"unloading supply trucks, stocking shelves, operating cash registers, cleaning the store, setting up product displays[,] . . . and helping customers"—are identical to those assigned to hourly employees. Id. ¶ 21. Each Aldi store is typically staffed by "one or two cashiers, and either a Store Manager, Shift Manager or Manager in Training." Id. ¶ 19. Despite the differences in title between these three manager positions, "their jobs are indistinguishable." Id. ¶ 20. Yet Aldi classifies store managers as "exempt" employees who do not receive overtime, while shift managers and managers in training, who receive hourly pay, id. ¶ 62, are classified as "non-exempt" employees entitled to overtime pay, id. ¶ 20.

Aldi affords little managerial discretion to its store managers, who lack the authority to make any personnel decisions or access the personnel files of employees they are in charge of. Id. ¶¶ 47–48. Store managers further lack the ability to direct "the flow of inventory into the store," id. ¶ 49, and they do not have meaningful control over the assignment of hours to hourly

employees, id. ¶ 50. Moreover, store managers have no authority to approve overtime pay or personal or medical leave, id. ¶¶ 52–53, they lack the "authority to alter the design of the store or the location of inventory on the shelves," id. ¶ 57, they do not have control over issues related to the security of the store, id. ¶ 59, and they cannot mark down products that are close to expiration, id. ¶ 60.

Control over these and other managerial matters is instead given to district managers. Id. ¶¶ 3, 29–62, 86–121. Each district manager is responsible for three to five stores. Id. ¶ 3. District managers "direct the conduct of the Store Managers and communicate to them the specific guidelines, objectives, policies and practices that need to be performed at each store." Id. ¶ 88. Unlike store managers, managers in training, and shift managers, all of whom wear uniforms that are similar to those worn by hourly employees, district managers are asked to wear business attire. Id. ¶ 54. Aldi has a policy of not promoting store managers to district managers, who by contrast "are not limited in their . . . promotion eligibility." Id. ¶ 120.

On March 29, 2016, Plaintiffs initiated this lawsuit against Defendants. Id. ¶ 1. Plaintiffs bring this case as a nationwide collective action under the FLSA, id. ¶¶ 167–69, and as a state-wide class action under Federal Rule of Civil Procedure 23, id. ¶ 175. On behalf of the nationwide class, Plaintiffs assert that Defendants have been violating the FLSA by "misclassifying Plaintiffs and similarly situated Store Managers as 'exempt' in order to avoid paying them for all hours worked or appropriate overtime compensation for all hours worked in excess of 40 hours per workweek." Id. ¶ 190. On behalf of the state-wide class, Plaintiffs similarly claim that Defendants have been violating the New York Labor Law ("NYLL") by failing to pay overtime compensation to Plaintiffs and similarly situated store managers. Id.

3

¶¶ 196–97. Also on behalf of the state-wide class, Plaintiffs argue that Defendants have been violating the NYLL by refusing to pay Plaintiffs and similarly situated store managers "spread of hours compensation for each day they worked in excess of 10 hours." Id. ¶ 202. Finally, on behalf of the state-wide class, Plaintiffs plead, in the alternative to the NYLL claims, id. ¶ 205, an unjust enrichment claim against Defendants, who "requir[ed] Plaintiffs . . . to work for hours for which they were not compensated," id. ¶ 208.

Aldi moved to dismiss the unjust enrichment claim on June 24, 2016. Mot. at 1. Aldi argues that the unjust enrichment claim must be dismissed because it is preempted by Plaintiff's FLSA overtime claim. Mem. at 1. Plaintiffs counter that dismissal is inappropriate because they are entitled to plead causes of action in the alternative, Resp. at 3, and in any event the unjust enrichment claim is separate from the FLSA claim since it is premised on Aldi's failure to pay "straight-time compensation . . . rather than overtime compensation," id. at 1.

### III. LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A court must accept as true the factual allegations contained in a complaint and draw all inferences in favor of the plaintiff. Allaire Corp. v. Okumus, 433 F.3d 248, 249–50 (2d Cir. 2006). Plausibility, however, requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." Twombly, 550 U.S. at 556. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing

4

Twombly, 550 U.S. at 556). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (quoting Twombly, 550 U.S. at 555). Where a court is unable to infer more than the mere possibility of the alleged misconduct based on the pleaded facts, the pleader has not demonstrated that she is entitled to relief and the action is subject to dismissal. Id. at 678–79.

IV. DISCUSSION

"Under the Supremacy Clause of the Constitution, state and local laws that conflict with federal law are 'without effect.'" N.Y. SMSA Ltd. P'ship v. Town of Clarkstown, 612 F.3d 97, 103 (2d Cir. 2010) (quoting Altria Grp., Inc. v. Good, 55 U.S. 70, 76 (2008)). The three types of preemption are:

> (1) express preemption, where Congress has expressly preempted local law; (2) field preemption, "where Congress has legislated so comprehensively that federal law occupies an entire field of regulation and leaves no room for state law"; and (3) conflict preemption, where local law conflicts with federal law such that it is impossible for a party to comply with both or the local law is an obstacle to the achievement of federal objectives.

Id. at 104 (quoting Wachovia Bank, N.A. v. Burke, 414 F.3d 305, 313 (2d Cir. 2005)). With respect to each type of preemption, a court's primary goal is to "determine whether, and to what extent, Congress intended to preempt state law." Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist., 673 F.3d 84, 95 (2d Cir. 2012) (citing Cipollone v. Liggett Grp., Inc., 505 U.S. 504, 516 (1992)).

Since "[t]here is no provision within the FLSA expressly stating that it preempts state wage law," Sosnowy v. A. Perri Farms, Inc., 764 F. Supp. 2d 457, 464 (E.D.N.Y. 2011), express

5

preemption is inapplicable to this case. Similarly, field preemption is not at issue here. The FLSA contains a savings clause providing that "[n]o provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter or a maximum workweek lower than the maximum workweek established under this chapter." 28 U.S.C. § 218(a). This clause shows that, in enacting the FLSA, Congress did not mean to occupy the entire field of wage and hour law. Sosnowy, 764 F. Supp. 2d at 464. Accordingly, this case involves conflict preemption. See DeSilva v. N. Shore-Long Island Jewish Health Sys., 770 F. Supp. 2d 497, 532 (E.D.N.Y. 2011) (applying conflict preemption analysis where the plaintiffs alleged state common law claims in addition to FLSA claims).

While it is well established that state statutory regulation of overtime compensation is not preempted by the FLSA, Overnice Transp. Co. v. Tianti, 926 F.2d 220, 222 (2d Cir. 1991), the Second Circuit has not decided "whether the FLSA preempts state common law claims," Acevedo v. WorkFit Medical LLC, No. 14-CV-6221, 2014 WL 4659366, at *12 (W.D.N.Y. Sept. 17, 2014) (quoting Chen v. St. Beat Sportswear, Inc., 364 F. Supp. 2d 269, 293 (E.D.N.Y. 2005)). District courts in this circuit have generally held that state "common law claims are preempted to the extent they seek recovery available under the FLSA, but are not preempted to the extent that state law provides a remedy not available under federal law." Gordon v. Kaleida Health, 847 F. Supp. 2d 479, 494 (W.D.N.Y. 2012) (collecting cases). Under this approach, where the state common law claims are distinct from the FLSA claims, the latter do not preempt the former. Dreves v. Hudson Grp. (HG) Retail, LLC, No. 11-CV-4, 2012 WL 668774, at *5 (D. Vt. Feb. 29, 2012). In other words, the question is whether in the absence of an FLSA claim, the

6

plaintiff would have a viable state common law claim. If the answer is yes, the state common law claim is not preempted; if the answer is no, it is preempted. See Monahan v. Smyth Auto., Inc., No. 10-CV-48, 2011 WL 379129, at *5 (S.D. Ohio Feb. 2, 2011) (finding that the plaintiffs' FLSA claim was not preempted by the state common law claim because "if the FLSA claim were to disappear, [the state common law] claim could still be viable").

As the court in Sosnowy explained, there are good reasons for treating state common law claims based on FLSA violations differently from claims based on state statutory regulations: "[W]hile state overtime wage laws . . . confer a substantive right for overtime compensation separate from the FLSA, state common law claims that are premised on violations of the FLSA simply provide a different remedy for FLSA violations." 764 F. Supp. 2d at 465. Thus, if a plaintiff can use an unjust enrichment claim to recover against her employer for failure to pay overtime compensation, the statute of limitations to which her claim is subject may be longer than that imposed by the FLSA, thereby frustrating the remedial scheme laid out by that statute. Id.

The question for the Court, then, is whether Plaintiffs' unjust enrichment claim is parasitic on the FLSA claim relating to overtime compensation. "Pursuant to the FLSA, employers must pay an employee at a rate of 'not less than one and one-half times the regular rate at which he is employed' for any hours worked in excess of forty hours in a given week." Reiseck v. Universal Commc'ns of Miami, Inc., 591 F.3d 101, 104 (2d Cir. 2010) (quoting 29 U.S.C. § 207(a)). However, an employee who plays "a managerial role . . . may be considered an 'executive' under the FLSA and therefore exempt from the overtime pay requirements." Id. at 107 n.7 (citing § 213(a)(1)). As noted above, Plaintiffs' Complaint "challenges Aldi's

7

practices and policies of misclassifying Plaintiffs and other similarly-situated Store Managers as 'exempt' employees, and not paying them overtime." Compl. ¶ 1. The alleged misclassification stems from the lack of managerial tasks performed by store managers. Id. ¶¶ 47–48. Since store managers do not exercise managerial discretion, they are properly categorized as non-exempt employees entitled to overtime pay under the FLSA. This is the essence of Plaintiffs' FLSA claim.

Plaintiffs' unjust enrichment claim duplicates this FLSA claim and is therefore preempted. Aldi's store managers "are salaried employees and do not receive hourly pay." Id. ¶ 44. They are "formally scheduled to work . . . 50 hours per week," yet they typically work about sixty to seventy hours a week. Id. Moreover, a store manager who works fewer than fifty hours in a particular week must "make those hours up in a future week." Id. ¶ 45. Plaintiffs appear to argue that these facts are sufficient to allege an unjust enrichment claim premised on Aldi's failure to pay straight-time compensation for the hours store managers work in excess of the fifty hours a week set aside in their schedules. Resp. at 8–9. The Court is not persuaded.

"To prevail on an unjust enrichment claim [under New York law], a plaintiff must prove that the defendant received a benefit at the plaintiff's expense and that retention of that benefit would be unjust." Levion v. Societe Generale, 822 F. Supp. 2d 390, 405 (S.D.N.Y. 2011) (citing Thayer v. Dial Indus. Sales, Inc., 189 F. Supp. 2d 81, 91 (S.D.N.Y. 2002)). "However, the law is clear that a plaintiff may not allege that his former employer was 'unjustly' enriched at his expense when the employer compensated the plaintiff by paying him a salary." Id. (citing Karmilowicz v. Hartford Fin. Servs. Grp., No. 11-CV-539, 2011 WL 2936013, at *12 (S.D.N.Y. July 14, 2011)). "Rather, a plaintiff must allege that he performed work that 'exceeded the scope

8

of his duties' in his position and, therefore, 'his salary did not constitute reasonable value for the services he provided to [his employer].'" James v. Countrywide Fin. Corp., 849 F. Supp. 2d 296, 323 (E.D.N.Y. 2012) (quoting Levion, 822 F. Supp. 2d at 405).

Notably, Plaintiffs describe themselves in their Complaint as "salaried employees." Compl. ¶ 44. Plaintiffs do not allege that Aldi told them that if they worked more than the fifty hours a week scheduled for them, they were entitled to compensation above and beyond their salaries. Moreover, under the FLSA at least, salaried employees do not lose that title and become hourly employees merely because they are required, on pain of termination, to conform to a schedule set by their employers. See Stein v. Guardsmark, LLC, No. 12-CV-4739, 2013 WL 3809463, at *5 (S.D.N.Y. July 23, 2013) ("[F]orcing an employee to track her hours [does not] render[] her an hourly rather than a salaried employee."). Since store managers receive a fixed salary for the services they render to Aldi regardless of the number of hours they work, the only route to a viable unjust enrichment claim under New York law is to allege that the work they perform exceeds the scope of their duties. James, 849 F. Supp. 2d at 323.[2] Plaintiffs have not made this allegation. Indeed, part of Plaintiffs' Complaint supports the description of their job activities set out above by quoting from the job description provided by Aldi itself. Compl. ¶ 58. Nowhere do they allege that they had to perform tasks not provided for in that job description. Thus, Plaintiffs fail to allege an unjust enrichment claim that is separate from the FLSA claim.

---

[2] Although Aldi does not raise the issue, Plaintiffs' unjust enrichment claim cannot stand if the relationship between the store managers and Aldi is governed by a valid employment contract. See Moses v. Apple Hosp. Reit Inc., No. 14-CV-3131, 2015 WL 1014327, at *6 (E.D.N.Y. Mar. 9, 2015) ("[W]hen a valid, enforceable contract exists, courts dismiss unjust enrichment claims because the parties' relationship is said to be governed by the terms of the contract." (citing Matana v. Merkin, 957 F. Supp. 2d 473, 495 n.10 (S.D.N.Y. 2013))).

9

This case is on all fours with Cotto v. John C. Bonewicz, P.C., No. 13-CV-84, 2015 WL 3609167 (N.D. Ill. June 9, 2015). There, the plaintiff received a set salary every two weeks. Id. at *1. Yet, like Plaintiffs in this case, he argued that he was entitled to compensation under an unjust enrichment theory for the time he worked in excess of forty hours a week. Id. at *11. The court rejected that argument, finding that "[i]f [the plaintiff] is exempt from the overtime laws, then he is not entitled to any compensation above and beyond his salary. The 'gap pay' [he] seeks is really just a raise, which the defendants were not legally required to give him." Id. Here, Plaintiffs are likewise claiming that they are entitled to a retroactive raise when they assert their unjust enrichment claim. Since that claim has no viability independent of the alleged FLSA violations relating to overtime compensation, the Court must dismiss it.[3]

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendant Aldi, Inc.'s Motion to Dismiss (Dkt. No. 15) Plaintiffs' unjust enrichment claim is **GRANTED**; and it is further

---

[3] Plaintiffs also argue that dismissal is unwarranted because they are entitled to plead causes of action in the alternative even if one of those causes of action is preempted by the other. Resp. at 3. However, that argument is without merit. The primary case relied on by Plaintiffs to support this claim is Davis v. Lenox Hill Hosp., No. 03-CV-3746, 2004 WL 1926087 (S.D.N.Y. Aug. 31, 2004). Yet the court in Davis stated that "[a]t the pleading stage. . . parties are entitled to plead causes of action under both state and federal law to vindicate the same right *unless the federal law preempts the state claim.*" Id. at *7 (emphasis added). This understanding of the interaction between pleading claims in the alternative and preemption finds support in the case law. See, e.g., Gordon, 847 F. Supp. 2d at 495 (finding that dismissal of duplicative state common law claims is appropriate because "to the extent Plaintiffs are seeking unpaid overtime wages that are available under the FLSA, their claims are preempted, and to the extent they are seeking straight-time wages for which no federal relief is available, they are not"). Since the Court has already determined that the FLSA preempts Plaintiffs' unjust enrichment claim, Plaintiffs cannot plead it in the alternative.

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:  December 14, 2016
      Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge