# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY GRIFFIN, MARK MCINDOO, and SUSAN DETOMASO, on behalf of themselves and all others similarly situated, | )<br>)<br>) Civil Action No.: 5:16-cv-354<br>) (LEK/ATB) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| ALDI, INC., DOE DEFENDANTS 1-10, | )<br>)<br>) |
| Defendants. | )<br>) |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE CLASS AND AUTHORIZATION OF NOTICE PURSUANT TO 29 U.S.C. § 216(b) OF THE FAIR LABOR STANDARDS ACT

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ............................................................. 1

II. PROCEDURAL HISTORY................................................................. 2

III. FACTUAL BACKGROUND............................................................... 3

    A. Overview Of Aldi's Business And Job Classifications .......................................... 3

    B. Plaintiffs And Their Fellow Store Managers Across The Country All Perform
    Similar Non-Managerial, Manual Work ............................................................... 5

    C. Plaintiffs And Members Of The Putative Collective Were Similarly Subject
    To Aldi's Uniform Policies And Procedures ....................................................... 8

    D. Plaintiffs And Members Of The Putative Collective Were All Classified As
    "Exempt" And Denied Overtime Compensation .............................................. 10

IV. ARGUMENT ...................................................................................... 11

    A. Certification of the FLSA Collective is Proper Because Plaintiffs Were
    All Similarly Subjected To Defendant's Allegedly Unlawful
    Compensation Scheme........................................................................ 11

        1. Court-Authorized Notice Is Liberally Granted And Plaintiffs' Burden
        Is Minimal ................................................................................ 12

        2. Defendant's Uniform Classification of Store Managers as Exempt Confirms
        Plaintiffs' Similarly Situated Status ...................................... 15

        3. Plaintiffs' Submissions Demonstrate That They And Members Of The
        Putative Collective Were All Similarly Subjected To Defendant's
        Common Policy And Scheme To Misclassify Them As Exempt From
        Overtime Compensation ........................................................ 17

    B. The Court Should Authorize Prompt FLSA Notice to Current and Former Aldi
    Store Managers ............................................................................... 20

V. CONCLUSION...................................................................................... 23

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                       **Page(s)**

*Abrams v. GE*,
   Case No. 95-CV-1734,
   1996 U.S. Dist. LEXIS 16869 (N.D.N.Y. Nov. 4, 1996) ......................................................14

*Boice v. M+W U.S., Inc.*,
   Case No. 14-Cv-505, 2016 U.S. Dist. LEXIS 122408 (N.D.N.Y. Sep. 7, 2016) ........13, 14, 21

*Braunstein v. Eastern Photographic Lab.*,
   600 F.2d 335 (2d Cir. 1978).............................................................................................5, 12

*Cano v. Four M Food Corp.*,
   Case No. 08-CV3005, 2009 U.S. Dist. LEXIS 7780 (E.D.N.Y. Feb. 3, 2009) ......................14

*Cohen v. Gerson Lehrman Group, Inc.*,
   686 F. Supp. 2d 317 (S.D.N.Y. 2010)....................................................................................16

*Cuzco v. Orion Builders, Inc.*,
   477 F. Supp. 2d 628 (S.D.N.Y. 2007)....................................................................................16

*Damassia v. Duane Reade Inc.*,
   250 F.R.D. 152 (S.D.N.Y. 2008) ...........................................................................................15

*Damassia v. Duane Reade, Inc.*,
   Case No. 04 Civ. 8819, 2006 U.S. Dist. LEXIS 73090 (S.D.N.Y. Oct. 5, 2006)...................15

*Diaz v. S&H Bondi's Dep't Store, Inc.*,
   10 Civ. 7676, 2012 U.S. Dist. LEXIS 5683 (S.D.N.Y. Jan. 17, 2012)..............................2, 19

*Fasanelli v. Heartland Brewery, Inc.*,
   516 F. Supp. 2d 317 (S.D.N.Y. 2007)....................................................................................19

*Gortat v. Capala Bros.*,
   Case No. 07-CV-3629, 2010 U.S. Dist. LEXIS 35451 (E.D.N.Y. Apr. 9, 2010)...................22

*Gregory v. Stewart's Shops Corp.*,
   No. 14-CV-33, 2016 U.S. Dist. LEXIS 89576 (N.D.N.Y. July 8, 2016) ...................... *passim*

*Guan Ming Lin v. Benihana Nat'l Corp.*,
   755 F. Supp. 2d 504 (S.D.N.Y. 2010)....................................................................................22

*Hamelin v. Faxton-St. Luke's Healthcare*,
   No. 08-Cv-12192009 U.S. Dist. LEXIS 9793 (N.D.N.Y. Jan. 26, 2009)...............................14

*Hamelin v. St. Luke's Healthcare*,
   274 F.R.D. 385 (N.D.N.Y. 2011) ..........................................................................................13

*Heagney v. European Am. Bank*,
     122 F.R.D. 125 (E.D.N.Y. 1988) .......................................................................14

*Hoffmann v. Sbarro, Inc.*,
     982 F. Supp. 249 (S.D.N.Y. 1997) ...................................................10, 11, 20, 22

*Hoffmann-La Roche, Inc. v. Sperling*,
     493 U.S. 165 (1989)....................................................................................12, 22

*Holbrook v. Smith & Hawken, Ltd.*,
     246 F.R.D. 103 (D. Conn. 2007)......................................................................15

*Iglesias-Mendoza v. La Belle Farm, Inc.*,
     239 F.R.D. 363 (S.D.N.Y. 2007) ....................................................................2, 20

*Indergit v. Rite Aid Corp.*,
     Case No. 08 Civ. 9361 (PGG),
     2010 U.S. Dist. LEXIS 60202 (S.D.N.Y. June 15, 2010)....................................16

*Khamsiri v. George & Frank's Japanese Noodle Rest. Inc.*,
     12 Civ. 265, 2012 U.S. Dist. LEXIS 76660 (S.D.N.Y. June 1, 2012)..............12, 21

*Lau v. Aldi, Inc.*,
     Case No. 09cv219, 2010 U.S. Dist. LEXIS 14076 (D. Neb. Feb. 12, 2010)............4

*Lee v. ABC Carpet & Home*,
     236 F.R.D. 193 (S.D.N.Y. 2006) ......................................................................16

*Lloyd v. J.P. Morgan Chase & Co.*,
     Case No. 11 Civ. 9305,
     2013 U.S. Dist. LEXIS 129102 (S.D.N.Y. Sept. 9, 2013)....................................16

*Lynch v. United Servs. Auto. Ass'n*,
     491 F. Supp. 2d 357 (S.D.N.Y. 2007). Publication of the Notice ..........................12

*Masson v. Ecolab, Inc.*,
     Case No. 04 Civ. 4488,
     2005 U.S. Dist. LEXIS 18022 (S.D.N.Y. Aug. 18, 2005)....................................21

*McNelley v. Aldi, Inc.*,
     Case No. 09 CV01868,
     2009 U.S. Dist. LEXIS 130788 (N.D. Ohio, Nov. 16, 2009) ................4, 11, 17, 20

*Mendoza v. Casa De Cambrio Delgado, Inc.*,
     No. 07CV2579, 2008 U.S. Dist. LEXIS 61557 (S.D.N.Y. Aug. 12, 2008)...........19

*Myers v. Hertz Corp.*,
     624 F.3d 537 (2d Cir. 2010)............................................................................21

iii

*Nerland v. Caribou Coffee Co., Inc.*,
  564 F. Supp. 2d 1010 (D. Minn. 2007) ................................................................15

*Patton v. Thomson Corporation*,
  364 F. Supp. 2d 263 (E.D.N.Y. 2005) ................................................................21

*Pippins v. KPMG LLP*,
  11 Civ. 0377, 2012 U.S. Dist. LEXIS 949 (S.D.N.Y. Jan. 3, 2012).................................1, 16

*Realite v. Ark Restaurants Corp.*,
  7 F. Supp. 2d 303 (S.D.N.Y. 1998) ................................................................20

*Rosario v. Valentine Ave. Disc. Store, Co.*,
  828 F. Supp. 2d 508 (E.D.N.Y. 2011) ................................................................22

*Ruggles v. WellPoint, Inc.*,
  591 F. Supp. 2d 150 (N.D.N.Y. 2008) ................................................................21

*Sexton v. Franklin First Financial, Ltd.*,
  No. 08-CV-04950, 2009 U.S. Dist. LEXIS 50526 (E.D.N.Y. June 16, 2009) .......................19

*Young v. Cooper Cameron Corp.*,
  229 F.R.D. 50 (S.D.N.Y. 2005) ................................................................11

**Statutes**

29 U.S.C. § 216(b) ................................................................11, 12

I.        PRELIMINARY STATEMENT

Named Plaintiffs Anthony Griffin, Mark McIndoo and Suzanne DeTomaso ("Plaintiffs"),

submit this memorandum in support of their motion for conditional certification pursuant to 29

U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA").

Defendant Aldi, Inc. ("Aldi" or "Defendant") classifies its Store Managers, who

primarily perform non-managerial manual labor, as exempt from the overtime requirements of

the FLSA, but routinely requires them to work well over 40 hours each week.  Plaintiffs allege

that Aldi has implemented its uniform policy and practice of intentionally misclassifying its

Store Managers as exempt to circumvent the FLSA's overtime provisions.

Aldi's uniform policy of automatically classifying all Store Managers as exempt, while

requiring that they perform primarily non-exempt tasks, demonstrates that Plaintiffs' claims are

similarly situated to those of the putative collective.  Aldi's "uniform classification is done

without regard to any special or individualized functions . . . That [Aldi] itself makes such a

blanket determination is evidence that differences in the position, to the extent there are any, are

not material to the determination of whether the job is exempt from overtime regulations."

*Pippins v. KPMG LLP*, 11 Civ. 0377, 2012 U.S. Dist. LEXIS 949, at *28 (S.D.N.Y. Jan. 3, 2012)

(quoting *Damassia v. Duane Reade Inc.*, 250 F.R.D. 152, 159 (S.D.N.Y. 2008)).  Aldi cannot

dispute that all Store Managers: (i) were universally classified as exempt; (ii) routinely worked in

excess of 40 hours each week; (iii) never received overtime compensation; (iv) performed a

substantial amount of manual labor; and (v) exercised little, if any, discretion in the performance

of their duties as Store Managers.  As such, Plaintiffs are similarly situated to other Store

Managers at all of Defendant's locations across the United States.

It is Plaintiffs' contention – although a factual determination is not proper at this early

stage of the litigation – that these similarly situated workers were all subjected to Aldi's unlawful

policies and practices of misclassifying them as exempt from overtime requirements.  Plaintiffs

make this application simply to request court-authorized notice to be published to the putative

collective to notify them of the pendency of this action and of their rights under the FLSA.  *See*

*e.g. Diaz v. S&H Bondi's Dep't Store, Inc.,* 10 Civ. 7676, 2012 U.S. Dist. LEXIS 5683, at *7 (S.D.N.Y. Jan. 17, 2012) (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 260 (S.D.N.Y. 1997)) (additional citations omitted).  "In contrast to the 'opt-out' procedure of the Rule 23 class action, proposed class members to a FLSA representative action must 'opt in' by filing a written consent with the court."  *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 367 (S.D.N.Y. 2007).  The three-year statute of limitations for an FLSA claim runs from the date a non-Named Plaintiff "opts-in" to the action.[1]  In light of the fact that the statute of limitations for an individual's FLSA claim continues to run even after a lawsuit is commenced, courts routinely endorse court-authorized notice early in the litigation to notify individuals about their FLSA claims and ensure that their rights do not expire during the discovery period.

Accordingly, Plaintiffs seek an order pursuant to 29 U.S.C. § 216(b), authorizing Plaintiffs to send notice to the following similarly situated individuals:

> All current and former Store Managers employed at Aldi from March 29, 2013 through the present.  Corporate officers, shareholders and directors are not part of the defined collective.

For the reasons set forth below, Plaintiffs' motion should be granted.

## II.  PROCEDURAL HISTORY

Plaintiffs, each a former Aldi Store Manager, commenced this class and collective action on March 29, 2016, on behalf of all similarly situated Store Managers.  [See Plaintiffs' Complaint, annexed to the Declaration of Adam R. Gonnelli ("Gonnelli Dec.") as Exhibit ("Ex.") A].  Since then, five additional Aldi Store Managers, all employed in different states at various Aldi stores, have joined this action as opt-in plaintiffs.  [ECF Nos. 27-30; 32].  On June 24, 2016, Defendant filed a motion to dismiss certain claims in Plaintiffs' Complaint.  [ECF No. 13].  On July 14, 2016, the Court held an Initial Conference, directing the parties to engage in limited "Phase I" discovery.  Thereafter, the parties engaged in limited discovery, including an initial exchange of written discovery, and the Plaintiffs appeared for depositions.  The Phase I

---

[1] The FLSA differs from certification of a Rule 23 class action under the New York Labor Law, where the statute of limitations is six years, and where class members' claims run from the date the class lawsuit was filed.

discovery period concluded on October 14, 2016.  On November 16, 2016, the Defendant filed an Answer to Plaintiffs' Complaint.  [ECF No. 26].  On December 14, 2016, the Court granted Defendant's motion to dismiss Plaintiffs' unjust enrichment claim.  [ECF No. 31].

## III.   FACTUAL BACKGROUND

### A.   Overview Of Aldi's Business And Job Classifications

Defendant Aldi is a global discount supermarket chain that operates more than 1,400 stores in 32 states.  [*See* Plaintiffs' Complaint, Ex. A ¶ 14].  Aldi's retail strategy is a combination of primarily offering only Aldi-branded products, rather than more expensive nationally-branded equivalents, and the elimination of conventional supermarket services.  [*Id.* ¶ 18].  Aldi offers a lean selection of items – only five percent of the inventory found in traditional grocery stores.  [*Id.*].  Aldi stores are also smaller than traditional grocery stores, averaging only about 18,000 to 20,000 square feet.  [*Id.*].  One way Aldi is able to maintain its discount prices is by cutting its labor costs.  During its hours of operation, an average Aldi store has only two or three employees working at any one time – one or two cashiers, and either a Store Manager, Shift Manager or Manager in Training ("MIT").  [*Id.* ¶ 19].

In contrast to the Store Managers, Aldi classifies its Shift Managers and MITs as non-exempt employees, and pays them on an hourly basis with overtime compensation.  [*Id.* ¶ 74].  Store Managers are required to perform the same work for at least 50 hours per week alongside the hourly employees, yet they are classified as exempt from overtime compensation.  [*Id.* ¶ 22].  While Store Managers are "managers" by title, they do not engage in any management and have no meaningful discretion in the operation of the store.  [*Id.* ¶ 21].  Instead, Store Managers spend the vast majority of their workday engaged in manual labor.  [*Id.* ¶ 21].  Indeed, the actual job of a Store Manager is virtually indistinguishable from that of an hourly worker such as a Shift Manager or an MIT.  [*Id.*].  Aldi's District Managers are the true managers who have actual authority to exercise control and manage the employees and business of their assigned stores.  [*Id.* ¶¶ 86-121].

Plaintiffs allege that Aldi purposely misclassifies its Store Managers as exempt from overtime compensation, even though their jobs are virtually identical to Aldi's admittedly non-exempt employees, in order to circumvent the FLSA and avoid paying Store Managers for the substantial amount of overtime they are required to perform.  [*Id.* ¶ 17].

Notably, this is not the first time such allegations have been asserted against Aldi resulting in collective adjudication.  Aldi has been sued numerous times by employees alleging similar or identical wage and hour violations, and these claims have proceeded as collective actions.  In *McNelley v. Aldi, Inc.*, 1:09 CV 1868 (N.D. Ohio), the plaintiff similarly alleged that Aldi misclassified him as exempt from overtime requirements while employed as a Store Manager at an Ohio location.  [*See McNelley* Complaint ¶¶ 19-26, annexed to the Gonnelli Dec. as Ex. B].  Significantly, the court in *McNelley* recognized that the plaintiff was similarly situated to others with similar claims, and conditionally certified a nationwide collective of Aldi Store Managers based on the declarations of the plaintiff and opt-in plaintiffs.  *McNelley v. Aldi, Inc.*, Case No. 09 CV01868, 2009 U.S. Dist. LEXIS 130788, at *9-10 (N.D. Ohio, Nov. 16, 2009).  Likewise, in *Lau v. Aldi, Inc.*, 09 CV 219 (D. Neb.), the named plaintiff similarly alleged that he and other workers had been misclassified as exempt from overtime compensation while employed by Aldi as managers.  [*Lau* Complaint ¶¶ 15, 21-22, annexed to the Gonnelli Dec. as Ex. C].  In *Lau*, the court granted the plaintiff's unopposed motion for conditional certification at all Aldi locations.  [*See* December 7, 2009 Order, annexed to the Gonnelli Dec. as Ex. D].[2] While decisions from other district courts are not binding on this Court, a finding of similarly situated status in other jurisdictions for *identical* claims against Aldi is certainly persuasive. Further, such allegations only serve to highlight Aldi's longstanding history of company-wide wage violations, and thus granting conditional certification "comports with the broad remedial

---

[2] The *Lau* case was consolidated with the *McNelley* case.  *See Lau v. Aldi, Inc.*, Case No. 09cv219, 2010 U.S. Dist. LEXIS 14076 (D. Neb. Feb. 12, 2010).  The *McNelley* case ultimately settled for the 212 opt-in plaintiffs.  [*See* ECF No. 103].

4

purpose of the [FLSA] . . ."  *Braunstein v. Eastern Photographic Lab.*, 600 F.2d 335, 336 (2d Cir. 1978).[3]

**B.      Plaintiffs And Their Fellow Store Managers Across The Country All Perform Similar Non-Managerial, Manual Work**

Regardless of geographic location, all Store Managers share substantial similarities in their job duties and responsibilities.  Store Managers at numerous Aldi locations assert that they perform similar manual tasks, such as "unloading the supply trucks, stocking the shelves and rotating products, working the cash register, helping customers, and cleaning work like sweeping, mopping, and taking out the trash."  [Ex. E, Declaration of Kevin Bauer ("Bauer Dec.") ¶ 6 (while employed at Aldi stores located in Charlotte and Rocky Mount, North Carolina); Ex. F, Declaration of Joseph Botta ("Botta Dec.") ¶ 7 (same, while employed at an Aldi store in Pennsylvania); Ex. G, Declaration of Jonathan Clark ("Clark Dec.") ¶ 6 (same, while employed at an Aldi store in Maryland); Ex. H, Declaration of Grant Mescher (Mescher Dec.") ¶ 6 (same, while employed at 6 different Aldi stores in Ohio); Ex. I, Declaration of Jenny Pinto ("Pinto Dec.") ¶ 6 (same, while employed at an Aldi store in New Jersey)].[4]

Plaintiff Anthony Griffin attested that during his tenure as a Store Manager at several Aldi locations in New York, his job responsibilities entailed mostly manual labor:



---

[3] It should further be noted that other collective actions have been brought against Aldi, alleging similar wage violations.  *See e.g. Honey v. Aldi, Inc.*, 12 CV 8815 (N.D. Ill. Nov. 2, 2012) (FLSA overtime action brought by FLSA collective of cashiers/stockers resolved through individual settlement); *Santiago v. Aldi, Inc.*, 13 CV 1186 (M.D. Fla. May 2, 2013) (FLSA collective brought by Store Manager similarly alleging misclassification as exempt, ultimately resolved through individual settlement); *Whitt v. Aldi, Inc.*, 13 CV 6848 (N.D. Ill. Sept. 23, 2013) (FLSA overtime complaint similarly brought by Store Manager claiming misclassification, ultimately resolved through individual settlement).
[4] The Bauer Dec., Botta Dec., Clark Dec., Mescher Dec., and Pinto Dec., are annexed to the Gonnelli Dec. as Exs. E, F, G, H, and I, respectively.

[Deposition Transcript of Anthony Griffin ("Griffin Dep."), pg. 154: 15-155:11, annexed to the Gonnelli Dec. as Ex. J].   Plaintiff Suzanne DeTomaso further confirmed that Aldi's Store Managers typically perform manual, non-managerial work: "                                                                   " [Deposition Transcript of Suzanne DeTomaso ("DeTomaso Dep."), pg. 186: 10-13; *see also* pg. 188: 2-8 ("                                                                   "), annexed to the Gonnelli Dec. as Ex. K].

Plaintiff Mark McIndoo further confirmed the type of manual, non-managerial work performed by Store Managers the vast majority of the time: "                                                                   " [Deposition Transcript of Mark McIndoo ("McIndoo Dep."), pg. 154: 15-19; 155: 4-8, annexed to the Gonnelli Dec. as Ex. L].  Significantly, McIndoo confirmed that                                                                    . [Ex. L, McIndoo Dep., pg. 154: 6-8, 15; pg. 19: 8-11].

Plaintiffs' submissions substantiate that regardless of Aldi location, all Store Managers performed similar non-managerial manual work for the vast majority of their workday.  [Ex E, Bauer Dec., ¶¶ 3, 6 (85% manual labor or non-managerial work, while working at different store locations in North Carolina from September 2012 through July 2015); Ex. F, Botta Dec., ¶¶ 3, 7 (80% manual labor or non-managerial work while working in Pennsylvania from February 2011 through August 2015); Ex. G, Clark Dec., ¶¶ 3, 6 (90% manual labor or non-managerial work, while working in Maryland from October 2012 through October 2014); Ex. H, Mescher Dec., ¶¶ 3, 6 (while working in six different Aldi stores in Ohio from 2011 through May 2016, his "daily

6

routine consisted of 90% manual labor or non-managerial work"); Ex. I, Pinto Dec., ¶¶ 3, 6 (75% manual labor or non-managerial work while working in New Jersey from April 2015 through September 2016); Ex. J, Griffin Dep., pg. 155: 16-23 (████ of time spent performing manual labor at several different Aldi locations in New York); Ex. L, McIndoo Dep., pg. 155: 4-8 (████ of time spent performing manual labor); Ex. K, DeTomaso Dep., pg. 188: 2-3 (███ of time spent performing manual labor), *see also id.* at 190: 2-9 (████████████████████████████ ██████████████████████████████████████)].

Further confirming that Store Managers at all Aldi locations were routinely required to perform manual, non-managerial work, Aldi's centralized career website explicitly requires that Store Managers "be able to lift and stock merchandise up to 45 pounds."[5]

Finally, all of Aldi's Store Managers attested that they did not have the authority to hire, fire, promote or discipline hourly employees, and that all managerial decisions came directly from the District Manager.  [Ex. E, Bauer Dec., ¶¶ 8-9; Ex. F, Botta Dec., ¶¶ 8-9; Ex. G, Mescher Dec., ¶¶ 8-9; Ex. H, Clark Dec., ¶¶ 8-9; Ex. I, Pinto Dec., ¶¶ 8-9; Ex. J, Griffin Dep., pg. 162: 15-16; Ex. K, DeTomaso Dep., pg. 46: 24-47:3, pg. 48: 8-10 (████████████████ ██████████████████████████), pg. 96: 24-25 (██████████████████████████████ ██████); Ex. L, McIndoo Dep., pg. 23: 15-18 (██████████████████████████████████ ██████); pg. 24:11-14 (████████████████████████████████████████); pg. 24: 2-11 (████████████████████████████████████████████████████████████████████)].

In fact, Aldi's own documents show that the Store Managers lacked any supervisory control.  Indeed, Aldi's company-wide policies also demonstrate that the District Managers were the employees with true managerial authority.  For instance, Aldi's Employee Handbook sets forth that ██████████████████████████████████████████████████████████████████ ████████████████████████████████████.  [*See* 2013 Aldi Employee Handbook, pg. 30, annexed to the Gonnelli Dec. as Exhibit N-1].  Only District Managers have ██████████

---

[5] *See e.g.*, Ex. M-1, Hiring Event in Humble, Texas webpage, (listing "important requirements for all potential ALDI employees"); Ex. M-2, Hiring Event in Orlando, Florida (same); M-3, Hiring Event in Scranton, Pennsylvania (same), all annexed to the Gonnelli Dec.

█████████████████████████████████████

███████. [*See* 2015 Aldi Employee Handbook, pg. 7, annexed to the Gonnelli Dec. as Ex. N-2].  Pursuant to company policy, ███████████████████████████████████

██████████. [*Id.* at 6].  Store Managers do not ████████████████. [Ex. N-1, 2013 Aldi Employee Handbook, pg. 7 (███████████████████████████████)].  Likewise, only District Managers, rather than the Store Managers, █████████████████████████████████. [*Id.* at 10]. Further demonstrating a Store Manager's lack of authority over the store, only District Managers ███████████████████████████████████████

███████. [*Id.* at 21].  Finally, pursuant to company policy, ████████████████████████████████████████████████. [*Id.* at 13].

█████ In light of the foregoing, Plaintiff Griffin aptly testified: "████████████████████████████████████████████" [Ex. J, Griffin Dep., pg. 162: 15-16].

### C.    Plaintiffs And Members Of The Putative Collective Were Similarly Subject To Aldi's Uniform Policies And Procedures

Defendant uniformly enforced these unlawful policies and practices at all locations.  As evidenced by Defendant's Employee Handbook, uniform job descriptions, and internet postings, Store Managers at all locations are subject to identical policies under Aldi's centralized structure.

All Store Managers nationwide must abide by the same policies and procedures set forth in Aldi's Employee Handbook.  [*See e.g.* Ex. N-1, 2013 Aldi Employee Handbook; Ex. N-2, 2015 Aldi Employee Handbook].  Further confirming the uniformity of policies and practices applied to Store Managers, Aldi distributes a standardized "Job Description" pamphlet regarding the Store Manager position.  [*See* "Store Manager Job Description" pamphlet, annexed to the Gonnelli Dec. as Ex. O].  The pamphlet ██████████████████████████████████████████████████.  All Store Managers are also subject to Aldi's standardized "Operations Store Procedure Manual," which sets forth ███████████████████████

████████████████████████████████.  [*See* "Operations Store Procedure Manual",
annexed to the Gonnelli Dec. as Ex. P].  Plaintiffs dispute whether Store Managers actually
performed these tasks or had any supervisory authority; however, such an assessment would
inappropriately implicate the merits at this initial stage.  Nonetheless, such standardized job
descriptions and store procedures substantiate that Plaintiffs are similarly situated to the putative
collective.

Aldi's internet postings further demonstrate the similarity of all Store Managers' work
experiences.  For example, if an individual is interested in a career at Aldi there is one
centralized website with a description of each job classification, regardless of geographic
location.  [*See* Aldi's Career internet postings, annexed to the Gonnelli Dec. as Ex. Q].[6]  If an
individual applies for a position at Aldi, he/she is directed to the same standardized employment
application and process.  [*See* Aldi's Standardized Employment Application, annexed to the
Gonnelli Dec. as Ex. R].  Further, Aldi's website outlines the standardized interview process that
each potential Store Manager must undergo.  [*See e.g.*, Exs. M-1, M-2, and M-3, Aldi's Hiring
Events Postings].  Aldi's website also demonstrates uniformity in the prerequisites to become a
Store Manager:

> We have important requirements for all potential ALDI employees.  You must be
> able to lift and stock merchandise up to 45 pounds.  You must be able to multitask
> and communicate effectively with your fellow staff, while being open to new
> ideas.  Excellent customer service skills and communication are a must, as well as
> a flexible schedule.  We provide an extensive period of training that will give you
> the tools, skills, and confidence you need to excel at ALDI.  A high school
> diploma or G.E.D. is preferred.

[*See id.*].  All Aldi Store Managers must also pass similar vetting and screening, including a drug
and background check.  [*See e.g., id.*].  All Aldi Store Managers are also entitled to receive the
same benefits.  [Ex. Q, Aldi's Career internet postings].  Further, the Aldi website makes clear
that all Store Managers, MITs and Shift Managers are subject to the same hiring prerequisites
(e.g. GED preferred), and receive the same benefits – yet the MITs and Shift Managers are

---

[6] Also available at: https://www.aldi.us/; *see also* https://careers.aldi.us/store.

classified as non-exempt and thus receive overtime compensation. [*See id*.]. By comparison, District Managers, who are classified as exempt, are required to have obtained a college degree, receive a luxury vehicle and an iPhone, and are responsible for exercising managerial authority at the stores within their district. [*See* District Manager Career webpage, annexed to the Gonnelli Dec. as Ex. S].

Aldi implemented common policies at all locations that would affect all former and current Store Managers, rendering them similarly situated and warranting court-supervised notice of this action to all members of the putative collective. The Store Managers were all "victims of a common policy" to classify Store Managers as exempt although the majority of their work was non-managerial manual labor. *Gregory v. Stewart's Shops Corp.*, No. 14-CV-33 (TJM/ATB), 2016 U.S. Dist. LEXIS 89576, at*14 (N.D.N.Y. July 8, 2016) (Baxter, M.J). As such, Plaintiffs easily meet their burden to show that they and members of the putative collective "together were victims of a common policy or plan that violated the law." *Hoffmann,* 982 F. Supp. at 261.

### D.   Plaintiffs And Members Of The Putative Collective Were All Classified As "Exempt" And Denied Overtime Compensation

Regardless of geographic location, Aldi's Store Managers routinely work well over 40 hours each week. [Ex. E, Bauer Dec., ¶ 4 (required to work minimum 50 hours each week, but typically worked 55 to 62 hours); Ex. F, Botta Dec., ¶ 4 (typically worked 55 to 65 hours each week); Ex. G, Clark Dec., ¶ 4 (same); Ex. H, Mescher Dec., ¶ 4 (same); Ex. I, Pinto Dec., ¶ 4 (same); Ex. J, Griffin Dep., pg. 76: 13-19 (always scheduled to work at least ▇ hours), pg. 280: 10-13 (worked anywhere from ▇▇▇ hours each week; Ex. L, McIndoo Dep., pg. 169:3 (worked ▇▇ hours each week); Ex. K, DeTomaso Dep., pg. 49:15-17 (worked ▇▇ hours each week)]. Despite working these additional hours, Store Managers never received overtime compensation. [Ex. E, Bauer Dec., ¶ 5; Ex. F, Botta Dec., ¶ 5; Ex. G, Clark Dec., ¶ 5; Ex. H, Mescher Dec., ¶ 5; Ex. I, Pinto Dec., ¶ 5].

Plaintiffs allege that Aldi's Store Managers were uniformly misclassified as exempt from overtime wage requirements. A determination as to whether these Store Managers are actually misclassified as exempt is reserved for a later stage in the litigation. *See e.g.*, *McNelley*, 2009 U.S. Dist. LEXIS 130788, at*14. In a conditional certification analysis, the focus of the inquiry "is not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are 'similarly situated' under 29 U.S.C. § 216(b) with respect to their allegations that the law has been violated." *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005) (citing *Krueger v. N.Y. Tel. Co.*, Case No. 93 Civ. 0178 (LMM), 1993 U.S. Dist. LEXIS 9988, at *6 (S.D.N.Y. July 21, 1993)). As such, Plaintiffs – as demonstrated by deposition testimony; by the attached declarations from Store Managers across the country; by Defendants' own documents including their employment handbook; and by previous decisions from other courts addressing similar claims – easily meet their burden to show that they and members of the putative collective "together were victims of a common policy or plan that violated the law." *Hoffmann,* 982 F. Supp. at 261.

## IV.   ARGUMENT

### A.   Certification of the FLSA Collective is Proper Because Plaintiffs Were All Similarly Subjected To Defendant's Allegedly Unlawful Compensation Scheme

Plaintiffs seek an order pursuant to 29 U.S.C. § 216(b) authorizing Plaintiffs to send a Notice of Pendency of Collective Action ("Notice") and a Consent to Join Form ("Opt-In Form") to all prospective members of the putative collective who were allegedly misclassified as exempt by Aldi.[7] The FLSA, 29 U.S.C. § 216(b) provides in pertinent part that:

> [a]n action…may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

---

[7] Plaintiffs' proposed Notice, Opt-in Form and Publication Order are annexed to the Gonnelli Dec. as Exs. T, U, and V, respectively.

This provision of the FLSA has been interpreted to establish an "opt-in" scheme in which potential plaintiffs must affirmatively notify the court of their intentions to be a party to the suit. *See e.g. Lynch v. United Servs. Auto. Ass'n,* 491 F. Supp. 2d 357, 367-69 (S.D.N.Y. 2007). Publication of the Notice is crucial to preserving and effectuating the rights of potential plaintiffs whose claims might otherwise become time-barred during the lengthy discovery phase of the case. *See e.g. Khamsiri v. George & Frank's Japanese Noodle Rest. Inc.,* 12 Civ. 265, 2012 U.S. Dist. LEXIS 76660, at *4-5 (S.D.N.Y. June 1, 2012) ("The Supreme Court has recognized that the benefits of collective action accrue to plaintiffs only if they 'receiv[e] accurate and timely notice concerning the pendency of the collective action' . . . [C]ourt-authorized notice is appropriate, to prevent erosion of claims due to the running statute of limitations, as well as to promote judicial economy.") (quoting *Hoffmann-La Roche, Inc. v. Sperling,* 493 U.S. 165, 170 (1989) (citing *Lynch*, 491 F. Supp. 2d at 371)); *Braunstein,* 600 F.2d at 336 (FLSA notice provisions "should be given a liberal construction").

It has been held that district courts have the discretion to facilitate notice to potential members of the class under the FLSA. *Hoffmann-LaRoche, Inc.,* 493 U.S. at 168-69; *Braunstein*, 600 F.2d at 336. In so holding, the Second Circuit declared that giving courts the power to facilitate notice "comports with the broad remedial purpose of the Act, which should be given a liberal construction, as well as with the interest of the courts in avoiding multiplicity of suits." *Id.*.

### 1. Court-Authorized Notice Is Liberally Granted And Plaintiffs' Burden Is Minimal

Plaintiffs ask this court to conditionally certify a collective action pursuant to Section 216(b) and order the issuance of a Notice to potential opt-in class members because Plaintiffs are similarly situated to all other Aldi Store Managers. The collective action provision, 29 U.S.C. § 216(b), allows an action "against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

Courts in the Second Circuit have "adopted a two-step method of certification in an opt-in collective action under the FLSA." *Gregory*, 2016 U.S. Dist. LEXIS 89576, at *13-14 (citing *Myers v. Hertz Corp.*, 624 F.3d 537, 554-55 (2d Cir. 2010)).   First, the court must make "an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Gregory, supra* at *14 (quoting *Myers*, 624 F.3d at 555).   During the second step of the analysis, "the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs.  The action may be 'de-certified' if the record reveals that they are not, and the opt-in plaintiffs' claims may be dismissed without prejudice." *Gregory, supra* at *15 (quoting *Myers*, 624 F.3d at 555).

At this first stage, Plaintiffs need only make a "minimal" showing, based on pleadings and affidavits, that they are similarly situated to the absent members of the proposed collective action.  *See Gregory*, 2016 U.S. Dist. LEXIS 89576, at *24-25 (quoting *Amadour v. Morgan Stanley & Co., LLC*, Case No. 11 Civ. 4326, 2013 U.S. Dist. LEXIS 19103 (S.D.N.Y. Feb. 7, 2013)).   In order to be "similarly situated," Plaintiffs need to only make a "modest factual showing" based on the Complaint and their declarations, that they and the proposed opt-in plaintiffs were all "victims of a common policy or plan that violated the law." *Boice v. M+W U.S., Inc.*, Case No. 14-Cv-505, 2016 U.S. Dist. LEXIS 122408, at *17 (N.D.N.Y. Sep. 7, 2016), *report and recommendation adopted*, 2016 U.S. Dist. LEXIS 132071 (N.D.N.Y. Sep. 27, 2016); *Hamelin v. St. Luke's Healthcare*, 274 F.R.D. 385, 395 (N.D.N.Y. 2011) (only need to allege that they were subjected to a "common practice or scheme . . . in violation of the FLSA").  "Although unsupported assertions are insufficient, the Second Circuit has emphasized that the standard of proof should remain 'low' because the purposes of this first stage is merely to determine whether similarly situated plaintiffs do in fact exist." *Gregory*, 2016 U.S. Dist. LEXIS 89576, at *14 (citing *Amador,* 2013 U.S. Dist. LEXIS 19103).

13

Moreover, for purposes of conditional certification, it is not necessary that the prospective class members "all performed the same duties, or worked during the same time periods, or worked at the same locations as the named plaintiffs." *Cano v. Four M Food Corp.*, Case No. 08-CV3005, 2009 U.S. Dist. LEXIS 7780, at *20 (E.D.N.Y. Feb. 3, 2009); *see also Hamelin v. Faxton-St. Luke's Healthcare*, No. 08-Cv-1219, 2009 U.S. Dist. LEXIS 9793, at *19-20 (N.D.N.Y. Jan. 26, 2009) (for collective certification, plaintiffs need not perform the same job functions or be in the same locations, as long as they are subjected to a common unlawful policy or practice); *see also Boice*, 2016 U.S. Dist. LEXIS 122408, at *19-20 ("differing responsibilities" among employees working at offices in different states were nevertheless sufficient "to demonstrate, at this initial stage, that plaintiff and potential plaintiffs were subject to a common plan or policy that violated the law.").  As long as Plaintiffs and the putative collective members are all similarly situated because they are subject to the same policies and practices, conditional certification of the collective action is appropriate. *See Abrams v. GE,* Case No. 95-CV-1734, 1996 U.S. Dist. LEXIS 16869, at *7 (N.D.N.Y. Nov. 4, 1996) ("[A] finding of 'similarly situated' does not require the plaintiffs to perform the same job in the same location as long as there is a[n unlawful] policy common to all."); *see also Heagney v. European Am. Bank*, 122 F.R.D. 125, 127 (E.D.N.Y. 1988) (Class treatment is not defeated because plaintiffs performed a variety of jobs in different departments and at different locations.).

Further, "the case law in this Circuit makes clear that, in deciding a motion for conditional certification under the FLSA, a court is not to resolve issues of credibility. *Gregory*, 2016 U.S. Dist. LEXIS 89576, at *30 (citing *Amador*, 2013 U.S. Dist. LEXIS 19103, at *26; *Damassia v. Duane Reade, Inc.*, Case No. 04 Civ. 8819, 2006 U.S. Dist. LEXIS 73090, at *19 (S.D.N.Y. Oct. 5, 2006)).  Rather, courts examine whether an "identifiable 'factual nexus' exists between his situation and that of other potential class members." *Cano*, 2009 U.S. Dist. LEXIS 7780, at *14 (quoting *Wraga v. Marble Lite, Inc.*, No. 05-CV-5038, 2009 U.S. Dist. LEXIS 60457, at *4-5 (E.D.N.Y. Aug. 22, 2006)).  This determination is typically made based on the pleadings, declarations and affidavits. *Gregory, supra* at *14 (quoting *Amador, supra*).  Here,

14

Plaintiffs' submission of the pleadings, declarations, documentary evidence and deposition testimony more than substantiates that Plaintiffs and other Store Managers were similarly subjected to Aldi's allegedly unlawful misclassification policy.

### 2. Defendant's Uniform Classification of Store Managers as Exempt Confirms Plaintiffs' Similarly Situated Status

Aldi's blanket classification of all Store Managers as exempt from overtime compensation supports a finding of similarly situated status. If Aldi could unilaterally exempt every Store Manager under the FLSA, this Court should likewise hold that a sufficient level of similarity exists to simply disseminate a notice of this action. "Such commonality in position, classification and treatment by [Aldi] constitutes a common scheme or plan that renders all [Store Managers] similarly situated for FLSA purposes." *Holbrook v. Smith & Hawken, Ltd.*, 246 F.R.D. 103, 106 (D. Conn. 2007) (conditionally certifying collective of assistant store managers located in 23 different states).

Blanket classification decisions, like the one implemented by Aldi here, are well suited for collective adjudication. *See e.g. Damassia v. Duane Reade, Inc.,* 2006 U.S. Dist. LEXIS 73090 (S.D.N.Y. Oct. 4, 2006) (certifying FLSA collective of misclassified drug store managers employed at 252 locations); *see also Damassia v. Duane Reade, Inc.,* 250 F.R.D. 152, 160-61 (S.D.N.Y. 2008) (certifying a Federal Rule 23 class and collecting cases). Plaintiffs' claims are all "based on the same course of events and legal theory, namely that [defendant's] decision to classify its [employees] as 'exempt' is inconsistent with the requirements of the [FLSA]." *Damassia*, 250 F.R.D. at 158. It would be "disingenuous" for Aldi "on one hand, to [unilaterally] decide that all store managers are exempt from overtime compensation without any individualized inquiry, while on the other hand, claiming that plaintiffs cannot proceed collectively to challenge the exemption." *Nerland v. Caribou Coffee Co., Inc.*, 564 F. Supp. 2d 1010, 1024 (D. Minn. 2007) (certifying a class of managers challenging classification as exempt).

15

Courts routinely grant conditional certification in cases where workers are uniformly misclassified as exempt from wage requirements.  *See generally Pippins*, 2012 U.S. Dist. LEXIS 949, at \*23 ("Whether employees qualify [as] professionals or administrators presents a fact-specific inquiry.  However, courts here and elsewhere frequently find that this does not preclude conditional certification of collective actions.") (internal citations omitted); *Lloyd v. J.P. Morgan Chase & Co.,* Case No. 11 Civ. 9305, 2013 U.S. Dist. LEXIS 129102, at \*12 (S.D.N.Y. Sept. 9, 2013); *Marcus v. AXA Advisors, LLC*, 11 Civ. 2339 (SMG) (E.D.N.Y. May 30, 2012), Transcript annexed to the Gonnelli Dec. as Ex. W, pg. 14 (certifying nationwide collective of financial sales associates who alleged they were misclassified as exempt from wage requirements) ("what all of them have in common is that they did tasks that constitute labor for which they were entitled to compensation and they weren't compensated . . . and they had a legal right to get paid at least minimum wage for their time.  And that argument may rise or fall but won't it rise or fall together?"); *Cohen v. Gerson Lehrman Group, Inc.*, 686 F. Supp. 2d 317, 330 (S.D.N.Y. 2010) (Castel, D.J.); *Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628, 634 (S.D.N.Y. 2007) ("Though Plaintiff must, of course, ultimately prove that Cuzco and others were employees and not independent contractors, that inquiry need not be answered in deciding this motion."); *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 198 (S.D.N.Y. 2006).

In a similar action, *Indergit v. Rite Aid Corp.*, Case No. 08 Civ. 9361 (PGG), 2010 U.S. Dist. LEXIS 60202, at \*18-21 (S.D.N.Y. June 15, 2010) (Gardephe, D.J.), the court granted conditional certification to a collective consisting of 8,400 allegedly misclassified managers at Rite-Aid stores nationwide.  The court noted that "it is reasonable to infer that the policy of classifying store managers across all Rite Aid regions as exempt from the FLSA's overtime requirements reflects a company-wide policy."  *Id.* at \*18 (citing *Damassia*, 2006 U.S. Dist. LEXIS 73090, at \*9).  Here, as in *Indergit*, regardless of geographic location, department, and job responsibilities, Aldi implemented a company-wide policy of automatically classifying *all* Store Managers as exempt from wage requirements, warranting court-authorized Notice to all putative opt-in plaintiffs.  In fact, two courts in other districts have already determined that

16

identical nationwide claims of Aldi's Store Managers were appropriate for conditional certification and court-supervised notification. *See McNelley*, 2009 U.S. Dist. LEXIS 130788 (N.D. Ohio Nov. 16, 2009); *Lau v. Aldi, Inc.*, 09 CV 219 (D. Neb., Dec. 7, 2009) at Ex. D.

   **3.** **Plaintiffs' Submissions Demonstrate That They And Members Of The Putative Collective Were All Similarly Subjected To Defendant's Common Policy And Scheme To Misclassify Them As Exempt From Overtime Compensation**

   Plaintiffs are similarly situated to members of the putative collective because Aldi subjected them to the same allegedly unlawful, company-wide misclassification policy. Plaintiffs submitted substantial evidence to support these claims.

   Plaintiffs submitted the sworn testimony and statements from Aldi's Store Managers, who all worked in various geographic locations, during different time periods. [*See* Ex. E, Bauer Dec., ¶ 3 (worked at two North Carolina stores); Ex. F, Botta Dec., ¶ 3 (employed in Pennsylvania); Ex. G, Clark Dec., ¶ 3 (worked in Maryland); Ex. H, ¶3, Mescher Dec. (worked at six (6) different stores in Ohio); Ex. I, Pinto Dec., ¶ 3 (worked in New Jersey); Ex. J, Griffin Dep., pg. 11:3 (███████████████████████); Ex. L, McIndoo Dep., pg. 9:3 (███████ ████████████); Ex. K, DeTomaso Dep., pg. 13: 5-12 (████████████████████████)]. This testimony substantiates that regardless of location, all Store Managers shared similar job experiences, and were similarly subjected to Aldi's unlawful policy of misclassifying them as exempt.

   Store Managers at numerous Aldi locations attested that the vast majority of their workday was spent performing non-exempt, manual labor such as "unloading the supply trucks, stocking the shelves and rotating products, working the cash register, helping customers, and cleaning work like sweeping, mopping, and taking out the trash." [Ex. E, Bauer Dec., ¶ 6 (85% was non-managerial manual labor); Ex. F, Botta Dec., ¶ 7 (80% manual labor); Ex. G, Clark Dec., ¶ 6 (90% manual labor); Ex. H, Mescher Dec., ¶ 6 (90% manual, non-managerial work); Ex. I, Pinto Dec., ¶ 6 (75% non-managerial work); Ex. J, Griffin Dep., pg. 154: 14-155:11 ("███████████████████"); pg. 24: 7-9 ("██████████████████████████

██████████████████████████████████████████████ ”); Ex. K, DeTomaso Dep., pg. 186: 10-13 (“██
█████████████████████████████████████████████████████████████████ ”); pg. 188: 2-8
(“███████████████████████████████████████████████████████████████████████████████████
██████████████ .”); Ex. L, McIndoo Dep., pg. 154: 15-19; pg. 151: 6-8, 15 (████████████████
███████████████████████████████████████████████████████████ )].

Further substantiating that Store Managers at all Aldi locations were routinely required to perform manual, non-managerial work, Aldi's centralized career website explicitly requires that Store Managers "be able to lift and stock merchandise up to 45 pounds." [*See e.g.* Ex. M-1, M-2, and M-3, Aldi's Hiring Event Postings].

Plaintiffs submitted evidence demonstrating that Store Managers at all locations worked well over 40 hours each week. [Ex. E, Bauer Dec., ¶ 4; Ex. F, Botta Dec., ¶ 4; Ex. G, Clark Dec., ¶ 4; Ex. H, Mescher Dec., ¶ 4; Ex. I, Pinto Dec., ¶ 4; Ex. J, Griffin Dep., pg. 76: 13-19, pg. 280: 10-13; Ex. L, McIndoo Dep., pg. 169:3; Ex. K, DeTomaso Dep., pg. 49:15-17]. Despite performing manual, non-exempt work for anywhere from 50 to 65 hours each week, Store Managers were never paid overtime compensation. [Ex. E, Bauer Dec., ¶ 5; Ex. F, Botta Dec., ¶ 5; Ex. G, Clark Dec., ¶ 5; Ex. H, Mescher Dec., ¶ 5; Ex. I, Pinto Dec., ¶ 5].

Plaintiffs further provided evidence in the form of standardized corporate documents, internet postings and an employee handbook, that Aldi's allegedly unlawful policies and practices were uniformly enforced company-wide. [*See* Exs. N-1 and N-2, Aldi Handbooks (███████████████████████████████████████████████████ ); Ex. O., Aldi's standardized "Job Description" pamphlet regarding Store Managers; Ex. P, Aldi's "Operations Store Procedures Manual" (██████████████████████████ ); Exs. Q, M-1, M-2, and M-3, Aldi's various internet postings (substantiating the centralized nature of Aldi's hiring policies and the standardized job classifications); Ex. R, Aldi's Standardized Employment Application].

Finally, all of Aldi's Store Managers attested that they did not have the authority to hire, fire, promote or discipline hourly employees, and that all managerial decisions emanated directly

from the District Manager. [Ex. E, Bauer Dec., ¶¶ 8-9; Ex. F, Botta Dec., ¶¶ 8-9; Ex. G, Mescher Dec., ¶¶ 8-9; Ex. H, Clark Dec., ¶¶ 8-9; Ex. I, Pinto Dec., ¶¶ 8-9; Ex. J, Griffin Dep., pg. 162: 15-16 ("███████████████████████████████████████████"); Ex. K, DeTomaso Dep., pg. 46: 24-47:3, pg. 48: 8-10 (█████████████████████████████████████████████ ████), pg. 96: 24-25 (████████████████████████████████); Ex. L, McIndoo Dep., pg. 23: 15-18 (██████████████████████████████); 24:11-14 (████████████████████ █████████████████████████); pg. 24: 2-11 (███████████████████████████ ███████████████████████)]. Aldi's corporate documents, such as its Employee Handbook, further demonstrate that only the District Managers were vested with true managerial authority. [*See e.g.*, Ex. N-1, 2013 Employee Handbook and N-2, 2015 Employee Handbook (█████████████████████████████████████████████ ████████████████████████████████████████████████████████ ███████████████████)].

While Defendant will undoubtedly argue that Notice should be denied because the Plaintiffs and members of the putative collective were *properly* classified as exempt from wage requirements, the law is clear that such merit-based challenges are inappropriate at this initial stage. *See e.g.*, *Diaz*, 2012 U.S. Dist. LEXIS 5683, at *10-11 (collecting cases) ("When evaluating whether court-authorized notice is appropriate, 'the court does not resolve factual disputes, decide ultimate issues on the merits, or make credibility determinations.'" (quoting *Davis v. Abercrombie & Fitch Co.*, Case No. 08 Civ. 1859, 2008 U.S. Dist. LEXIS 86577, at *27-28 (S.D.N.Y. Oct. 23, 2008) (other citations omitted)); *Sexton v. Franklin First Financial, Ltd.*, No. 08-CV-04950, 2009 U.S. Dist. LEXIS 50526, at *21 (E.D.N.Y. June 16, 2009) (On a motion for conditional certification, "defendants' submissions of time records . . . cannot . . . be accepted by the Court at this stage."); *Mendoza v. Casa De Cambio Delgado, Inc.*, No. 07CV2579, 2008 U.S. Dist. LEXIS 61557, at *5-6 (S.D.N.Y. Aug. 12, 2008) ("It is not necessary for a court to evaluate the merits of the plaintiffs' claims in order to determine that a group of similarly situated persons exists."); *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp.

2d 317, 322 (S.D.N.Y. 2007) (on a motion for conditional certification the court is not being asked for a determination on the merits); *Realite v. Ark Restaurants Corp.,* 7 F. Supp. 2d 303, 307 (S.D.N.Y. 1998) (factual disputes do not negate the appropriateness of court facilitated notice).

Notably, the court in *McNelley v. Aldi, Inc.*, 2009 U.S. Dist. LEXIS 130788, rejected any inquiry into the merits of whether Store Managers were actually misclassified as exempt.

> [W]hether the Store Managers have the primary duty of managing goes to the merits of plaintiff's FLSA claim, and the Court will not consider this issue in determining whether to grant conditional certification.

*Id.* at *14 (citing *Monroe v. FTS USA, LLC,* 257 F.R.D. 634, 638 (W.D. Tenn. 2009)).   Further, Aldi's defense that it properly classified Store Managers as exempt would be commonly applied to all members of the putative collective.   These issues are common to all members of the putative collective, warranting publication of Court-authorized Notice.

Accordingly, Plaintiffs have established more than "a colorable" basis for their claim that Aldi engaged in a common policy and practice of failing to pay Plaintiffs and their fellow Store Managers wages for all hours worked.  *See e.g. Hoffmann,* 982 F. Supp. at 263.  Similarly, in *Gregory v. Stewart's Shops Corp.*, 2016 U.S. Dist. LEXIS 89576, at *23-25, this Court held similar evidence, namely pleadings and declarations, sufficient to satisfy the "low" burden for conditional certification in an action involving wage violations at more than 300 convenience stores.   Plaintiffs "have easily made the modest showing that is required of them at this preliminary stage: they were subjected to certain wage and hour practices at the defendants' workplace and, to the best of their knowledge and on the basis of their observations, their experience was shared by members of the proposed class." *Iglesias-Mendoza*, 239 F.R.D. at 368.

### B.   The Court Should Authorize Prompt FLSA Notice to Current and Former Aldi Store Managers

In order to participate in a collective action, aggrieved parties must affirmatively opt-in to the case pursuant to 29 U.S.C. § 216(b).  Until they do so, the statute of limitations may continue

to run on their claims. *Ruggles v. WellPoint, Inc.*, 591 F. Supp. 2d 150, 158 (N.D.N.Y. 2008) (granting conditional certification on plaintiffs' FLSA claim; noting the "nature of the two-tier approach and the statutory intent to facilitate a broad remedial purpose, to expedite disposition of the action because of the relatively short statute of limitations"). As such, publication of the Notice is crucial to preserving and effectuating the rights of potential plaintiffs whose claims might otherwise become time-barred during the lengthy discovery phase of the case. *See e.g.*, *Khamsiri*, 2012 U.S. Dist. LEXIS 76660, at *4-5 ([C]ourt-authorized notice is appropriate to prevent erosion of claims due to the running statute of limitations, as well as to promote judicial economy.") (quoting *Hoffmann-La Roche, Inc.,* 493 U.S. at 170 (citing *Lynch*, 491 F. Supp. 2d at 371)).[8]

The purpose of this provision allows for an early and orderly prosecution of this action by advising all potential class members of the pendency of this action, and the basic nature of the class claims. This reasoning has repeatedly been applied in FLSA collective actions similar to the instant action. For instance, in *Patton v. Thomson Corporation*, 364 F. Supp. 2d 263 (E.D.N.Y. 2005), the court directed the plaintiffs to publish a notice of pendency early in the litigation reasoning that:

> . . . it is appropriate to do so at this stage, rather than awaiting the completion of discovery . . . [D]oing so now is "a means of facilitating the Act's broad remedial purpose and promoting efficient case management" *Hoffmann [v. Sbarro*, 982 F.Supp. 249, 262 (S.D.N.Y. 1997)] (citing *Braunstein [v. Eastern Photographic Lab*., 600 F.2d 335, 336 (2d Cir. 1978)]. In particular, early notice will help to preserve and effectuate the rights of potential plaintiffs whose claims might otherwise become time-barred during the discovery phase of the case.

*Id.* at 267-68. It is well established that the Court has the authority to order opt-in notice to potential plaintiffs. *Myers*, 624 F.3d at 555 (district court has the power to order opt-in notices to be sent to potential class members); *Boice*, 2016 U.S. Dist. LEXIS 122408, at *30 ("Under the FLSA, the content of the notice is left to the court's discretion.") (quoting *Delaney v. Geisha*

---

[8] This remains true even though the court may later decide that certain employees who attempt to opt-in to the class are not eligible. *See Masson v. Ecolab, Inc.*, Case No. 04 Civ. 4488, 2005 U.S. Dist. LEXIS 18022, at *44 (S.D.N.Y. Aug. 18, 2005) ("The court need not and does not hold definitively that members of the proposed class to whom notices will be sent are in fact situated similarly to plaintiffs.").

*NYC, LLC*, 261 F.R.D. 55, 59 (S.D.N.Y. 2009)); *Gortat v. Capala Bros.*, Case No. 07-CV-3629, 2010 U.S. Dist. LEXIS 35451, at *29-32 (E.D.N.Y. Apr. 9, 2010); *Hoffmann*, 982 F. Supp. at 261.

The United States Supreme Court has articulated that a collective action notice must be "timely, accurate and informative." *Hoffmann-La Roche Inc.*, 493 U.S. at 171-72.  The proposed Notice submitted by Plaintiffs amply meets this standard.  [*See* Ex. U].  Additionally, there is no prejudice to the Defendant as the proposed Notice and Opt-In Form do not provide anything more than a court-approved general description of the action, a history of the proceedings, and an explanation of opt-in procedures.  *Id.*

Upon granting conditional certification, courts routinely order defendants to produce the names, addresses, telephone numbers, dates of employments and job titles of potential opt-in plaintiffs.  *See e.g., Rosario v. Valentine Ave. Disc. Store, Co.*, 828 F. Supp. 2d 508, 522 (E.D.N.Y. 2011) (Finding "the disclosure of potential opt-in plaintiffs' names, last known addresses, telephone numbers, and dates of employment to be appropriate," and permitting plaintiff to renew his application for additional information regarding specific employees in the event that the information were to prove insufficient to effectuate notice on some potential opt-in plaintiffs); *see also Guan Ming Lin v. Benihana Nat'l Corp.*, 755 F. Supp. 2d 504, 515 (S.D.N.Y. 2010) (ordering the defendant "to produce the names, last known addresses, and telephone numbers of all delivery persons they have employed within the past three years.").

Accordingly, should this Court conditionally certify this action, Defendant should be ordered to produce a list of the names of all employees who have worked at Aldi as Store Managers during the three years preceding the filing of the Complaint, along with the last known mailing address, telephone number, email address, job title and dates of employment for each employee.

## V. <u>CONCLUSION</u>

  For the foregoing reasons, Plaintiffs respectfully request that this Court grant the instant motion for conditional certification and authorize that notice be disseminated to potential class members in accordance with 29 U.S.C. § 216(b), together with such further relief as this Court deems necessary.

Dated: December 16, 2016
New York, New York

     **THE SULTZER LAW GROUP, P.C.**

     By: _/s/ Adam R. Gonnelli_
     Adam R. Gonnelli
     N.D.N.Y. Bar Roll no.: 515045
     85 Civic Center Plaza, Suite 104
     Poughkeepsie, NY 12601
     Telephone: (845) 483-7100
     Facsimile: (888) 749-7747
     Email: gonnellia@thesultzerlawgroup.com

     **FARUQI & FARUQI, LLP**
     Innessa S. Melamed
     N.D.N.Y. Bar Roll no.: 519963
     685 Third Avenue, 26th Floor
     New York, NY 10017
     Telephone: (212) 983-9330
     Facsimile: (212) 983-9331
     Email: imelamed@faruqilaw.com

     **O'HARA, O'CONNELL & CIOTOLI**
     Frank S. Gattuso
     N.D.N.Y. Bar Roll no.: 513636
     7207 E. Genesee Street
     Fayetteville, NY 13066
     Telephone: (315) 451-3810
     Facsimile: (315) 451-5585
     Email:  fsg@oharalaw.com

     _Attorneys for Plaintiffs and the Putative Collective_

23

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned attorney hereby certifies that on December 16, 2016, he electronically filed the foregoing **Memorandum of Law in Support of Plaintiffs' Motion for Conditional Certification of Collective Class and Authorization of Notice Pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act** with the Clerk of the Court using the ECF system, which will send notification of such filing to the following counsel of record:

> Noah A. Finkel
> Attorney Bar No. 6624910
> Cheryl A. Luce
> Attorney Bar No. 6313386
> Seyfarth Shaw LLP
> 131 South Dearborn Street, Suite 2400
> Chicago, Illinois 60603
> Tel. (312) 460-5000
> Fax (312) 460-7000
> nfinkel@seyfarth.com
> cluce@seyfarth.com
>
> Louisa Johnson
> Attorney Bar No. 391805
> Seyfarth Shaw LLP
> 1075 Peachtree Street, N.E., Suite 2500
> Atlanta, Georgia 30309
> Tel. (404) 885-1500
> Fax (404) 892-7056
> lojohnson@seyfarth.com
>
> Howard M. Wexler
> Attorney Bar No. 518197
> Seyfarth Shaw LLP
> 620 Eighth Avenue, 32nd Floor
> New York, New York 10018
> Tel. (212) 218-5500
> Fax (212) 218-5526
> hwexler@seyfarth.com

By:   *s/ Adam Gonnelli*
Adam Gonnelli (Bar Roll No. 515045)