# MOTION CALENDAR
## WEDNESDAY, APRIL 26, 2017
### Honorable Lawrence E. Kahn, U.S.D.J.

Clerk: **Scott A. Snyder** / Britney Norton

Court Reporter: Theresa Casal / **Lisa Tennyson** / _____

**Anthony Griffin, Mark McIndoo & Susan Detomaso,**

V.                          5:16-CV-0354 (LEK / ATB)

**Aldi, Inc. and Doe Defendants 1-10.**

**ORDER TO SHOW CAUSE**

NOTE:

| | | | |
|---|---|---|---|
| Lloyd R. Ambinder | Virginia, Ambinder Law Firm | 212-943-9080 | Plaintiffs |
| Frank S. Gattuso | O'Hara, O'Connell Law Firm | 315-451-3810 | Plaintiffs |
| Louisa J. Johnson | Seyfarth Shaw LLP | 312-460-5838 | Defendant |

Start: 11:00 A.M.                    End: 11:40 A.M.

Appearances: All of the above & CRD S. Snyder. Attorney L. Ambinder presents plaintiffs' arguments in reference to the Aldi's employment separation agreement. He states that the language contained within this agreement is misleading because this law suit is not mentioned. Attorney F. Gattuso states there has been contact with 25 former employees who would like to join the plaintiffs' class here but they do not want to violate the separation agreement & potentially loose their severance. Attorney L. Ambinder is seeking changes to the separation agreement. He wants a corrective separation agreement notice to go out to all potential class members, back to a date when this complaint was filed and up to & including the date when this case ends. The attorney also requests that if a severance package was given, that the potential plaintiff not be required to give back monies if they opt to join class. Attorney L. Johnson apologizes to the court for not being aware of the language in the separation agreement. Approximately 17 store managers have signed the separation agreement since Judge Baxter signed the order for conditional certification on 2/22/17. Ms. Johnson states that the separation agreement will be altered to include case language. Attorney L. Ambinder states that the defendant's claim as to not knowing about the language in the separation agreement is disingenuous.  Motion is deemed submitted. Court RESERVES decision.