# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
**SYRACUSE DIVISION**

====================================

ANTHONY GRIFFIN, MARK MCINDOO, and
SUZANNE DETOMASO, on behalf of themselves and
all others similarly situated,

<table>
<tr><td></td><td>Plaintiffs,</td><td>Civil Action No.: 5:16-cv-354<br>(LEK/ATB)</td></tr>
<tr><td>v.</td><td></td><td></td></tr>
</table>

ALDI, INC., DOE DEFENDANTS 1-10,

                              Defendants.

====================================

## SETTLEMENT AGREEMENT AND RELEASE

This Final Settlement Agreement and Release (the "Agreement") is entered into by and between, ANTHONY GRIFFIN, MARK MCINDOO, and SUZANNE DETOMASO (the "Named Plaintiffs"), individually and on behalf of a certified FLSA collective as well as a class they seek to represent (individually "FLSA Collective" and "New York Class" or collectively "Plaintiffs"), and, on the other hand, Aldi Inc. (collectively, "Aldi" or "Defendant") (Plaintiffs and Defendant collectively are the "Parties").

## RECITALS AND BACKGROUND

WHEREAS, solely for the purpose of settling the above-captioned lawsuit (the "Litigation"), and without admitting any wrongdoing or liability, Defendant has agreed, for settlement purposes only, to class certification of the New York Class under Rule 23 of the Federal Rules of Civil Procedure;

WHEREAS, the purpose of this Agreement is to settle fully and finally all Released Class Claims, Released FLSA Claims, and Named Plaintiffs' Released Claims (as defined herein) by the Named Plaintiffs and the Settlement Class (as defined) against Defendant, including all claims asserted in the Litigation;

WHEREAS, Defendant denies all of the allegations made by Named Plaintiffs in the Litigation, and denies any and all liability and damages to anyone with respect to the alleged facts or causes of action asserted in the Litigation;

WHEREAS, the Named Plaintiffs and Defendant engaged in settlement negotiations, including private mediation with Martin Scheinman, Esq. and a settlement conference with Magistrate Judge Andrew T. Baxter, before reaching this Agreement;

WHEREAS, without admitting or conceding that Rule 23 class certification or FLSA collective certification is warranted, without further acknowledging or conceding any liability or damages whatsoever, and without admitting that wages, including alleged overtime pay, was withheld from any employees, Defendant agreed to settle the Litigation on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing the Litigation; and

WHEREAS, Plaintiffs' Counsel analyzed and evaluated the merits of the claims made against Defendant and the impact of this Agreement on the Named Plaintiffs, FLSA Collective Members, and the New York Class Members and based upon Plaintiffs' Counsel's analysis and evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Litigation, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Plaintiffs' Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of the Named Plaintiffs, FLSA Collective Members, and the New York Class Members.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions:

## 1.    DEFINITIONS

The defined terms set forth in this Agreement have the meanings ascribed to them below.

1.1    **Agreement.**  "Agreement" means this Final Settlement Agreement and Release.

1.2    **Authorized Claimant.** "Authorized Claimant(s)" is deemed to include (i) *all* FLSA Collective Members who previously filed a Consent to Join Form electing to participate in the FLSA portion of this lawsuit and who do not timely opt-out of this settlement by withdrawing his or her Consent to Join Form,  and (ii) *any* New York Class Member, or the authorized legal representative of such Class Member, who timely files a Claim Form pursuant to the terms of this Agreement.

1.3    **Application for Final Approval.** "Application for Final Approval" means documents and materials to be filed with the Court pursuant to Section 2.11, seeking final approval of the settlement.

1.4    **Bar Date.**  "Bar Date" means the last date as set by the Court by which (i) any  New York Class Member who wishes to qualify as an Authorized Claimant must timely file a Claim Form pursuant to Section 2.8(A), or (ii) a New York Class Member or FLSA Collective Member must affirmatively opt-out of this action if he or she does not wish to participate in the settlement, or (iii) a New York Class Member must affirmatively object to the proposed settlement.

1.5    **Claim Form.**  "Claim Form" means the form as approved by the Court, a copy of which is attached to the Notice of Proposed Settlement, that Class Members (other than the

Named Plaintiffs and FLSA Collective Members) must sign and return by the Bar Date to become Authorized Claimants.

1.6 **Class Counsel**. "Class Counsel" or "Plaintiffs' Counsel" shall mean:

**VIRGINIA & AMBINDER, LLP**
Lloyd Ambinder, Esq.
40 Broad Street, 7th Floor
New York, New York 10004
 Telephone:    (212) 943-9080
Email: Lambinder@vandallp.com

**FRANK S. GATTUSO, ESQ.**
9 Landgrove Drive
Fayetteville, New York 13066
Telephone: (315) 400-5958
Email: frankgattuso14@gmail.com

**FARUQI & FARUQI, LLP**
Innessa S. Huot, Esq.
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: (212) 983-9330
Email: ihuot@faruqilaw.com

**THE SULTZER LAW GROUP, P.C**
Adam R. Gonnelli, Esq.
85 Civic Center Plaza, Suite 104
Poughkeepsie, NY 12601
Telephone: (845) 483-7100
gonnellia@thesultzerlawgroup.com

**LEEDS BROWN LAW, P.C.**
Jeff Brown, Esq.
One Old Country Road
Carle Place, New York, 11514
Telephone: (516) 873-9550
Email: JBrown@leedsbrownlaw.com

1.7 **Class List.** "Class List" means a list of all Settlement Class Members (defined herein), identified by: (i) name; (ii) last known address; and (iii) starting and ending dates of employment as a salaried, exempt Store Manager during the pertinent time periods outlined herein that Defendant shall provide to Class Counsel and to the Settlement Claims Administrator. The Class List is to be used by the Settlement Administrator to effectuate settlement and may not be used for any other purpose.

1.8 **Costs and Fees**. "Costs and Fees" means Class Counsels' attorneys' fees, costs, and expenses, Settlement Claims Administrator's fees and costs, and approved Service Awards.

1.9 **Court.** "Court" means the United States District Court, Northern District of New York.

1.10 **Days.** "Days" means business days if the specified number is less than 10, and calendar days if the specified number is 10 or greater, unless otherwise specified for a specific deadline.

1.11 **Defendant.** "Defendant" means Aldi Inc. For purposes of the Released Class Claims, Released FLSA Claims, and Named Plaintiffs' Released Claims (defined below), Defendant shall include Aldi Inc. as well as its present and former owners, stockholders, predecessors, successors, assigns, agents, directors, officers, members, shareholders,

employees, representatives, insurers, attorneys, parents, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries, and all persons acting by, through, under or in concert with any of them.

**1.12**   **Defendant's Counsel.**  "Defendant's Counsel" means:

>    **SEYFARTH SHAW LLP**
>    Noah Finkel, Esq.
>    Seyfarth Shaw LLP
>    233 S. Wacker Drive, Suite 8000
>    Chicago, Illinois 60606-6448
>    (312) 460-5913
>    nfinkel@seyfarth.com
>
>    and
>
>    Louisa Johnson, Esq.
>    Seyfarth Shaw LLP
>    1075 Peachtree Street, N.E., Suite 2500
>    Atlanta, Georgia 30309
>    (404) 888-1023
>    lojohnson@seyfarth.com

**1.13**   **Fairness Hearing**.  "Fairness Hearing" means the hearing before the Court relating to the Application for Final Approval.

**1.14**   **Final Approval Order**.  "Final Approval Order" means the Order entered by the Court, approving the terms and conditions of this Agreement, authorizing distribution of the Settlement Checks and Costs and Fees, and dismissing the case with prejudice.

**1.15**   **Final Effective Date.**  Provided no appeal of the Final Approval Order is timely filed, the "Final Effective Date" means 30 days after the Court has entered a Final Approval Order approving this settlement as provided in Section 2.11.  If such an appeal is timely filed, the latest of the following, if applicable, becomes the Final Effective Date: (1) any appeal from the Final Approval Order has been finally dismissed; (2) the Final Approval Order has been affirmed on appeal in a form substantially identical to the form of the Final Approval Order entered by the Court; (3) the time to petition for review with respect to any appellate decision affirming the Final Approval Order has expired; and (4) if a petition for review of an appellate decision is filed, the petition has been denied or dismissed, or, if granted, has resulted in affirmance of the Final Approval Order in a form entered by the Court.

**1.16**   **Individual Net Amount**. "Individual Net Amount" means the allocated amount to be paid to the Authorized Claimant prior to deducting all appropriate taxes, and after deducting his or her proportionate share of Costs and Fees and Reserve Fund.

**1.17**   **Named Plaintiffs.**  "Named Plaintiffs" means ANTHONY GRIFFIN, MARK MCINDOO, and SUZANNE DETOMASO.

**1.18** **Net Settlement Amount**. "Net Settlement Amount" means the aggregate amount to be paid to all Authorized Claimants inclusive of employer's share of withholding taxes, Costs and Fees, and the Reserve Amount.

**1.19** **New York Class Members.** "New York Class Members" means individuals employed by Aldi Inc. as Store Managers in New York between March 29, 2010 and October 17, 2017. Collectively, all Class Members are referred to as the "Class."

**1.20** **Notice or Notices**. "Notice" or "Notices" means the Court-approved Notice of Proposed Settlement of Class Action Lawsuit as authorized in the Preliminary Approval Order.

**1.21** **Objector.** "Objector" means a New York Class Member who properly files an objection to this Agreement and does not include any individual who opts-out of this Agreement.

**1.22** **Opt-out Statement.** "Opt-out Statement" is a written, signed statement that a Settlement Class Member has decided to opt-out and not be included in this Agreement.

**1.23** **Preliminary Approval Order.** "Preliminary Approval Order" means the Order entered by the Court: (i) certifying the New York Class solely for purposes of effectuating the settlement, (ii) preliminarily approving the terms and conditions of this Agreement, (iii) appointing the law firms and lawyers identified in Section 1.6 as Class Counsel, (iv) directing the manner and timing of providing Notice to the Class Members, and (v) setting dates to effectuate the terms of this Agreement, including the Bar Date and the date of the Fairness Hearing.

**1.24** **Qualified Settlement Fund or QSF.** "Qualified Settlement Fund" or "QSF" means the account established by the Settlement Claims Administrator for the Net Settlement Amount paid by Defendant. The QSF will be controlled by the Settlement Claims Administrator subject to the terms of this Agreement and the Court's Orders for Preliminary Approval and Final Approval. Interest, if any, earned on the QSF will become part of the Net Settlement Amount.

**1.25** **Released Class Claims.** "Released Class Claims" means all wage and hour claims specifically related to employment of Class Members by Aldi Inc. that were or could have been asserted under state law by or on behalf of Class Members, excluding Class Members who opt-out of the settlement, for the period March 29, 2010 through the date of final approval of the parties' settlement. The Released Class Claims include all claims specifically related to employment of Class Members by Aldi under state law for alleged unpaid regular or overtime wages, all related wage and hour and wage payment claims, all "derivative benefit claims" (*i.e.,* claims for benefits, both ERISA and non-ERISA benefits, resulting from alleged failure to pay overtime or other wages), and all interest on such claims, liquidated damages, punitive damages, and/or other damages, attorneys' fees, expenses, and costs related to such claims.

**1.26** **Reserve Amount.** "Reserve Amount" is $10,000 that Defendant shall fund pursuant to Section 3.1(E) for errors or omissions that occurred during the settlement processes of this Agreement.

**1.27  Settlement Class.** Settlement Class means collectively (a) all FLSA Collective Members who previously filed consent-to-join forms in this action which were either timely under the Fair Labor Standards Act, or who had worked for Aldi within the State of New York at any time after March 29, 2010, or both, along with (b) all New York Class Members who are not FLSA Collective Members.

**1.28  Settlement Checks.**  "Settlement Checks" means checks issued to Authorized Claimants for their share of the Qualified Settlement Fund calculated in accordance with this Agreement, which are otherwise referred to as their Individual Net Amount.

**1.29  Settlement Claims Administrator.**  "Settlement Claims Administrator" means the qualified administrator selected pursuant to Sections 2.3, 2.4 and 2.5 to mail the Notices and administer the calculation, allocation, and distribution of the QSF or perform any administrative duties pursuant to Section 2.4. The Settlement Claims Administrator's fees shall be borne by the QSF.

## 2.  INITIAL PROCEDURAL ISSUES

**2.1  Binding Agreement.**  This Agreement is a binding agreement and contains all material and agreed-upon terms.

**2.2  Settlement Class.**  For purposes of settlement only, the Parties agree to class certification pursuant to FRCP Rule 23 to include all New York Class Members.

**2.3  Retention of the Settlement Claims Administrator.**  Within ten (10) days after the filing of a Motion for Preliminary Approval, the Parties shall engage a Settlement Claims Administrator whose fee shall be paid from the Qualified Settlement Fund.

**2.4  Responsibilities of Settlement Claims Administrator.**  The Settlement Claims Administrator shall be responsible for:  (i) preparing, printing, and disseminating to New York Class Members the Notice and Claim Forms, including resending any Notice and Claim Form returned with a new forwarding address; (ii) copying counsel for all Parties on material correspondence; (iii) preparing, monitoring, and maintaining a telephone number with phone answerers until the Final Effective Date or the termination of this Agreement, whichever comes first; (iv) promptly furnishing to counsel for the Parties copies of any requests for exclusion, objections, or other written or electronic communications from Class Members that the Settlement Claims Administrator receives; (v) receiving, retaining, and reviewing the Claim Forms submitted by Class Members; (vi) keeping track of requests for exclusion, including maintaining the original mailing envelope in which the request was mailed; (vii) mailing the Settlement Checks to Authorized Claimants; (viii) preparing and wire transferring Class Counsels' attorneys' fees, expenses, and costs, in accordance with this Agreement and any order of the Court; (ix) within five days of receipt, ascertaining current address and addressee information for each Notice and Claim Form returned as undeliverable and re-mailing the Notice and Claim Form to the current address; (x) responding to inquiries of Class Members regarding procedures for filing objections, opting out, and submitting Claim Forms; (xi) referring to Class Counsel all inquiries by Class Members regarding matters not within the Settlement Claims Administrator's duties

specified herein; (xii) responding to inquiries of Class Counsel and Defendant's Counsel consistent with the Settlement Claims Administrator's duties specified herein; (xiii) promptly apprising counsel for the Parties of the activities of the Settlement Claims Administrator; (xiv) maintaining adequate records of its activities, including the dates of the mailing of Notice(s) and mailing and receipt of Claim Forms(s), returned mail, and other communications and attempted written or electronic communications with Class Members or Authorized Claimants; (xv) confirming in writing, including through a report if necessary, to Class Counsel, Defendant's Counsel and the Court its completion of the administration of the settlement; (xvi) timely responding to communications from the Parties or their counsel; and (xvii) providing all information, documents, and calculations necessary to determine each Authorized Claimants' pro rata share or allocation of the Gross Settlement Fund; (xviii) providing a weekly email to counsel for the Parties during the time period between the mailing of Notice until the Fairness Hearing that includes the total number of Authorized Claimants, opt-outs or exclusion, and objections; (xix) throughout the period of claims administration, providing reports to the Parties, upon request by either Party, regarding the status of the mailing of the Notices and Claims Forms to Class Members, the claims administration process, distribution of the Settlement Checks, or any other aspect of the claims administration process, subject to the terms of this Agreement; and (xx) such other tasks as the Parties mutually agree. Other than as set forth herein, the Settlement Claims Administrator shall not initiate communications with any Class Member.

In addition, no later than fifteen (15) days prior to the Fairness Hearing, the Settlement Claims Administrator by email and overnight delivery shall certify jointly to Class Counsel and Defendant's Counsel (a) the number of Authorized Claimants who timely filed their Claim Form; (b) a list of all New York Class Members who filed a timely objection; (c) a list of all Settlement Class Members who requested to opt-out of the settlement at any time during the Opt-out Period; (d) the aggregate payments to all Authorized Claimants; and (e) the Administrator's estimated costs and fees.

**2.5    Notice to Class Members.  Separate Notices shall be issued to the FLSA Collective and those New York Class Members who are not already FLSA Collective Members (the "Notices").**  The Court-approved Notices will inform Settlement Class Members about this Agreement and will also advise them of the opportunity to object (if they are a New York Class Member only), opt-out, file a Claim Form to join in the settlement, and/or appear at the Fairness Hearing.  Within thirty (30) days of the entry of the Preliminary Approval Order by the Court or as otherwise ordered by the Court, the Settlement Claims Administrator will mail to all Class Members, via First Class United States Mail, the Court–approved Notices of Proposed Settlement of Class Action Lawsuit and Fairness Hearing, with Claims Form.  The Settlement Claims Administrator will take all reasonable steps to obtain the correct address of every Class Member, including a skip trace, and shall attempt a re-mailing to any Class Member for whom it obtains a more recent address. For those Class Members who require such follow up written notice, Aldi Inc. will supply the Settlement Claims Administrator their social security numbers to allow the Settlement Claims Administrator to locate a more recent address to which the follow up notice shall be sent, thereby fully satisfying the notice obligation to the Class Members.  The Settlement Claims Administrator shall also mail a Notice and Claim Form to any Class Member who

contacts the Settlement Claims Administrator during the time period between the initial mailing of the Notice and the Bar Date and requests that their Notice and Claim Form be re-mailed. The Settlement Claims Administrator will notify Class Counsel and Defendant's Counsel of any Notice and Claims Form sent to a Class Member that is returned as undeliverable after the first mailing, as well as any such Notice and Claims Form returned as undeliverable after any subsequent mailing(s) as set forth in this Agreement. All costs of locating Class Members will be paid from the Qualified Settlement Fund.

**2.6** **Access to the Settlement Claims Administrator**. The Parties will have equal access to the Settlement Claims Administrator. Class Counsel and Defendant shall provide the Settlement Claims Administrator with information necessary to calculate the Settlement Checks, and reasonably assist the Settlement Claims Administrator in locating Class Members. To the extent that Class Counsel makes isolated and limited requests for Individual Net Amounts regarding any Authorized Claimant identified by name by Class Counsel, the Settlement Claims Administrator shall provide such information, wage information, calculation as prescribed by this Agreement, or an estimate of any Individual Net Amount or Net Settlement Amount to Class Counsel within 2 business days.

**2.7** **Preliminary Approval Motion.**

(A)     Within fifteen (15) days of the signing of this agreement, Class Counsel shall file a Motion for Preliminary Approval, which shall include (1) the proposed Notices as agreed upon by the Parties, (2) the proposed Claim Form, (3) the proposed Preliminary Approval Order, (4) an executed version of this Agreement, and (5) the necessary documents, memorandum, affidavits and exhibits for the purposes of certifying, for settlement purposes only, a New York Class under FRCP Rule 23 and preliminarily approving the settlement. The proposed Notices, proposed Claim Form, and proposed Preliminary Approval Order approved by the Parties will be submitted with the motion for the Court's approval. Defendant shall be given sufficient time to review a draft of the Preliminary Approval Motion and all attachments and exhibits before filing to ensure they are consistent with this Agreement and are accurate in terms of the settlement numbers conveyed.

(B)     In the Motion for Preliminary Approval, Class Counsel shall seek the implementation of dates for effectuating the terms of this Agreement, including (1) the setting of the Bar Date for individuals to submit Claim Forms, opt-out of this Agreement and/or provide objections to this Agreement, which date will be forty-five (45) days from the initial mailing of Notice and Claims Forms to the Class Members by the Settlement Claims Administrator, and (2) to the extent required by the Court, a Fairness Hearing for Final Approval of the settlement before the Court at the earliest practicable date after the Bar Date.

(C)     In the Motion for Preliminary Approval, Class Counsel shall inform the Court of the intended process to obtain a "Final Order" in accordance with the Court-approved schedule, so that at the Fairness Hearing, the Court may among other things: (1) approve the settlement as fair, adequate, and reasonable; (2) incorporate the terms of the Release, as described herein; (3) dismiss the Litigation with

prejudice; (4) award Costs and Fees; (5) authorize distribution and payment to the Authorized Claimants; (6) enter the Final Approval Order; and (7) order any other relief necessary to effectuate this Agreement.

**2.8**    **Notice and Claim Forms to Class Members**

(A)    Within fifteen (15) business days of the Preliminary Approval Order being entered by the Court, Defendant's Counsel shall provide the Settlement Claims Administrator and Class Counsel the New York Class List in electronic form. All information provided regarding the FLSA Collective Members and New York Class Members will be treated as confidential information by the Settlement Claims Administrator and Class Counsel and may not be used by the Settlement Claims Administrator or Class Counsel for any purpose other than to effectuate the terms of this Agreement.

   Claim Forms may be filed with the Settlement Claims Administrator via mail, email, or facsimile. Class Members that send their Claim Forms by the Bar Date will be deemed Authorized Claimants. To be effective for the purposes of becoming an Authorized Claimant, a Claim Form must be post-marked, emailed, or faxed to the Settlement Claims Administrator by the Bar Date. The Bar Date shall be (i) forty-five (45) days from the date of the initial mailing or as otherwise set by the Court, and (ii) an additional fifteen (15) days for any Class Members who did not receive the Notice, or were unable to file the Claim Form within forty-five (45) days due to such factors as change of address, military service, hospitalization, or other extraordinary circumstances. To the extent that the envelope does not contain a post-mark, the date that the Class Administrator stamps the envelope or claim form "received" shall apply. Claim Forms shall include a requirement to consent to join the FLSA claim in this Litigation. To ensure that New York Class Members seeking to receive payment under this settlement are deemed parties to the FLSA claim, Completed Claim Forms (which includes a consent to join the FLSA claim) shall be provided to Class Counsel and then filed with the Court by Class Counsel on or before the date when a motion for final approval is filed.

(B)    The Notice and Claim Form shall be published in English and sent only to New York Class Members who are not FLSA Collective Members. Claim Forms shall include a request for the return of a properly completed W-4 with a bona fide Tax Identification Number ("TIN") or Social Security Number ("SSN").

(C)    A separate notice shall also be sent to FLSA Collective Members advising them of the proposed settlement terms as well as requesting submission of properly completed W-4 and W-9 Forms with a bona fide SSN or TIN.

(D)    Each individual New York Class Member who fails to timely file a Claim Form shall not be entitled to recovery from this settlement, unless otherwise agreed to by the parties or the Court, but shall be deemed to have released the Released Class Claims unless such individual has opted out pursuant to the procedures set forth below.

**2.9    Settlement Opt-outs.**

(A)    FLSA Collective Members and New York Class Members who choose to opt-out of the settlement as set forth in this Agreement must mail via First Class United States Mail, a written, signed statement to the Settlement Claims Administrator that states he or she is opting out of the settlement, and include his or her name, address, and telephone numbers and statement indicating his or her intention to opt-out such as: "I opt out of the ALDI wage and hour settlement." ("Opt-out Statement"). To be effective, an Opt-out Statement must be post-marked, faxed or emailed by the Bar Date.

(B)    The last day to opt-out of the settlement ("Opt-out Period") shall be on the Bar Date.

(C)    The Settlement Claims Administrator will stamp the received date on the original of each Opt-out Statement that it receives and shall serve copies of each Opt-out Statement on Class Counsel and Defendant's Counsel not later than three (3) days after receipt. The Settlement Claims Administrator will, within 24 hours of the end of the Opt-out Period, send a final list of all Opt-out Statements to Class Counsel and Defendant's Counsel by both email and overnight delivery. The Settlement Claims Administrator will retain the stamped originals of all Opt-out Statements and originals of all envelopes accompanying Opt-out Statements in its files until such time as the Settlement Claims Administrator is relieved of its duties and responsibilities under this Agreement.

(D)    Unless determined otherwise by the Court, any FLSA Collective Member and New York Class Member who does not submit an Opt-out Statement pursuant to this Agreement by the Bar Date, will be deemed to have accepted the settlement and the terms of this Agreement, will be bound by the Final Approval Order in this case, and will have any Released Class Claims and Released FLSA Claims released and dismissed with prejudice. In addition, any FLSA Collective Member who is not also a New York Class Member and who does not submit an Opt-out Statement pursuant to this Agreement by the Bar Date will be deemed to have released any Released FLSA Claims as described in Section 4.2(B). Only those New York Class Members who timely complete and return a Claim Form post-marked by the Bar Date and FLSA Collective Members who do not opt out will be deemed Authorized Claimants. Defendant shall fund only the amounts allocated to each FLSA Authorized Claimant and to each New York Class Member who returns a timely Claim Form as set forth in this Agreement and Costs and Fees plus the Reserve Amount (described in Section 3.1(E)), or upon other agreement by the Parties. Defendant shall have no obligation to pay or fund any amounts allocated to New York Class Members who do not submit a timely Claim Form as set forth in this Agreement. For purposes of this Agreement, the Named Plaintiffs are deemed to be Authorized Claimants, and are not required to return or execute a Claim Form.

**2.10    Objections to Settlement.**

(A)     New York Class Members who have not previously joined the FLSA Collective Action who wish to present objections to the proposed settlement at the Fairness Hearing must first do so in writing. To be considered, such statement must be mailed to the Settlement Claims Administrator via email, facsimile, or First-Class United States Mail post-marked by the Bar Date. The statement must include all reasons for the objection, and any supporting documentation. The statement must also include the name, address, and telephone numbers for the Class Member making the objection. The Settlement Claims Administrator will stamp the date received on the original and send copies of each objection, supporting documents, as well as a copy of the Notice and Claim Form mailed to the Objector, to Class Counsel and Defendants' Counsel by email delivery no later than three (3) days after receipt of the objection. The Settlement Claims Administrator will also file the date-stamped originals of any and all objections with the Court within three (3) days after the end of the Opt-out Period.

(B)     An Objector has the right to appear at the Fairness Hearing either in person or through counsel hired by the Objector. An Objector who wishes to appear at the Fairness Hearing must state his or her intention to do so in writing on his or her written objections at the time he or she submits his or her written objections. An Objector may withdraw his or her objections at any time.

(C)     The Parties may file with the Court written responses to any filed objections no later than three (3) days before the Fairness Hearing.

**2.11    Fairness Hearing and Application for Final Approval and Dismissal.**

(A)     No sooner than thirty (30) days after the Bar Date, in accordance with the schedule set by the Court in the Preliminary Approval Order and, to the extent scheduled by the Court, in advance of the Fairness Hearing, Class Counsel shall file supporting documents and materials for Final Approval of the settlement ("Application for Final Approval"). The Application for Final Approval may contain a report from the Settlement Claims Administrator, an application for attorneys' fees, and supporting affidavits and documents from Class Counsel regarding the fairness, adequacy, and reasonableness of the settlement or any aspect related to this Agreement. The Application for Final Approval may also include a proposed Final Approval Order. Defendant shall be given sufficient time to review a draft of the Final Approval Motion and all attachments and exhibits before they are filed to ensure they are consistent with this Agreement and are accurate in terms of the settlement numbers conveyed.

(B)     At the Fairness Hearing and/or through the Application for Final Approval, the Parties shall request that the Court, among other things, issue an Order that shall: (1) certify the New York Class for purposes of settlement only; (2) approve the Agreement as fair, reasonable, adequate, and binding on all Settlement Class Members who have not timely opted out of the settlement; (3) order the Settlement Claims Administrator to distribute Settlement Checks to the Authorized Claimants; (4) order Costs and Fees to be paid from the QSF; (5) order the dismissal with

prejudice of all Released Class Claims and Released FLSA Claims asserted in the Litigation, including the applicable released claims of all Settlement Class Members who did not opt-out; and (6) retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

(C)     The Final Approval Order will order the Settlement Claims Administrator to (1) provide a list to Class Counsel and Defendant's Counsel of the Authorized Claimants along with a verification that it has made proper withholdings from and distributed the Settlement Checks, and (2) retain copies of all of the endorsed Settlement Checks.

(D)     The Final Approval Order shall also order Class Counsel to file (1) the list of Authorized Claimants as received from the Settlement Claims Administrator with the representation to the Court that it constitutes the list of FLSA opt-in plaintiffs and New York Class Members who have released both FLSA claims and Released Class Claims; and (2) the list of New York Class Members who did not timely opt out or object to the settlement and thus are deemed to have waived the Released Class Claims only.

(E)     The settlement payments contemplated hereunder are expressly contingent on the Court's issuance of the Final Approval Order. If the Court refuses or otherwise fails to issue such final order, the parties shall return to their positions prior to the filing of the motion for preliminary approval of the settlement.

## 2.12    Termination of Agreement

(A)     **Grounds for Settlement Termination**.

1.     Either Party may terminate the Agreement if the Court declines to enter the Preliminary Approval Order or Final Approval Order (or such other orders that the Court sees fit that preliminarily approves this settlement and provides final approval of the settlement consistent with the terms of this Settlement Agreement), except if the Court declines to enter such orders because of the attorneys' fees sought by Class Counsel. This Agreement is not contingent upon approval by the Court of Class Counsel's application for attorneys' fees, and if the Court approves the settlement payment amount allocated to the Authorized Claimants as set forth in this Agreement, but not the application for attorneys' fees, (i) the Agreement may not be terminated, and (ii) any Court-required reduction of the attorneys' fees will be reallocated and distributed to Authorized Claimants. So long as Class Counsels' fee application conforms to the terms of this Agreement, Defendant will not oppose: (a) Class Counsels' application for professional fees and costs, (b) a motion for reconsideration of such application, and/or (c) an appeal regarding Class Counsels' application for

attorneys' fees provided that the application for attorneys' fees would not cause Aldi to pay a total settlement amount of more than the $9,800,000.00

2. Aldi Inc. may terminate this Agreement if 5% or more Settlement Class Members opt-out. Before terminating this Agreement, Defendant's Counsel must notify Class Counsel of its intent to do so in writing within thirty (30) calendar days after the Bar Date.

3. Notwithstanding anything contained herein, or any other provision of this Agreement, Plaintiffs may terminate this Agreement if the aggregate value of the Authorized Claims of New York Class participants exceeds $3,358,992.70, which is 50% of the maximum potential of all New York Class allocations. (See annexed Exhibit 2). Before terminating this Agreement, Class Counsel must notify Defendant's Counsel of its intent to do so in writing within thirty (30) calendar days after the Bar Date.

(B) **Procedures for Termination**.

1. Either party that intends to terminate this Agreement must do so in writing and transmit via e-mail to all counsel identified in Sections 1.6 and 1.12. The termination letter must identify the reason for termination.

2. The Parties shall convene with the mediator to try to reconcile before notifying the Court of termination.

(C) **Effect of Termination**. Termination shall have the following effects:

1. The Agreement shall be terminated as to the affected Parties and shall have no force or effect.

2. In the event of termination by Defendant, Defendant shall be responsible to pay the reasonable expenses of the Settlement Administrator incurred to the date of its termination.

3. Defendant shall have no obligation to make any payments to any party, Settlement Class Member, Authorized Claimant, or Class Counsel. However, the parties shall be jointly responsible for paying the costs and expenses of the Settlement Claims Administrator associated with the mailing of termination notice and advising Settlement Class Members of the settlement termination.

4. The Settlement Claims Administrator will provide a Court approved notice to Settlement Class Members that the Agreement did not receive Final Approval and that, as a result, no payments will be made to Settlement Class Members under the Agreement. Such notice shall be mailed by the Settlement Claims Administrator via First Class United States Mail.

5. The Parties may jointly or individually seek reconsideration of a ruling by the Court declining to enter the Preliminary Approval Order or Final Approval Order in the form submitted by the Parties, or to seek Court approval of a renegotiated settlement.

6. The Litigation will resume as if no settlement had been attempted and the Agreement and all negotiations, statements, and proceedings relating thereto shall not be used in the subsequent Litigation and shall be without prejudice to the rights of any of the Parties, all of whom shall be restored to their respective positions prior to the settlement. Defendant retains the right to contest whether the Litigation should be maintained as a class action, and to contest the merits of the claims being asserted in the Litigation. The Preliminary Order approving the settlement and certifying the class for settlement purposes only shall be null and void, the case may only be certified if Plaintiff is granted class certification after full briefing on a motion for class certification, and Aldi maintains its right to oppose final certification of the conditionally-certified FLSA collective.

## 3. SETTLEMENT TERMS

### 3.1 Settlement Amount.

(A) Subject to its right to terminate this Agreement, the Parties agree that the maximum Aldi will pay is the Net Settlement Amount, which shall be Nine Million Eight Hundred Thousand Dollars and No Cents ($9,800,000.00). The Net Settlement Amount shall fully resolve and satisfy (i) all Authorized Claims, inclusive of employer's share of withholding taxes; (ii) Costs and Fees; and (iii) the Reserve Amount.

(B) Aldi Inc. shall pay to the Qualified Settlement Fund the Net Settlement Amount within fourteen (14) days from the Final Effective Date. Unless otherwise directed by the Court or Class Counsel, Defendant shall remit all payments via wire transfer to the Settlement Claims Administrator. In no event shall Aldi pay any amounts in excess of $9,800,000.00 unless it agrees to do so.

(C) A default under this Agreement shall be considered to have occurred if Defendant fails to pay the Net Settlement Amount within ten (10) days of the due date for such payment pursuant to Section 3.1 ("Default"). Following any Default, the Settlement Claims Administrator or Class Counsel shall send notice of the Default by email and overnight mail (or by certified mail) (the "Default Notice") to Defendant's Counsel. Defendant shall have ten (10) days from its receipt of the Default Notice to cure the Default. If the Default is not timely cured within that ten (10) day period, Defendant shall reimburse fees and costs associated with Class Counsel's recovery of the scheduled payment.

(D) Defendant shall fund the Qualified Settlement Fund in an amount equal to the Net Settlement Amount, which shall not exceed $9,800,000.00.

(E)     The Settlement Claims Administrator shall set aside Ten Thousand Dollars ($10,000.00) of the QSF as the Reserve Amount to cover any errors or omissions (e.g., individual employees who dispute the amounts allocated to them; employees who allege they should be part of the class).  The Reserve Amount will remain in the QSF and any part of it remaining after any correctable errors or omissions are covered will revert to Defendant. Any Class Member who wishes to challenge any error or omission shall provide a written statement, under oath, to Defendant as to why such calculation, error or omission should be corrected. All claims relating to errors or omissions shall be addressed jointly 120 days after the Final Effective Date with any disputes resolved by the Settlement Mediator.

(F)     Any uncashed Settlement Checks or Service Award and all amounts remaining in the QSF one calendar year after the mailing of the last Settlement Checks will revert to the Defendant. For purposes of this provision, the mailing date shall be deemed to be the date posted on the Settlement Checks.

## 3.2     Mailing of Settlement Checks

(A)     Settlement Claims Administrator shall mail the Settlement Checks directly to Authorized Claimants, mail the Settlement Service Award checks directly to Named Plaintiffs, and wire transfer Class Counsels' payment for all Court-approved attorneys' fees, costs, and expenses.

## 3.3     Attorneys' Fees, Expenses and Costs.

(A)     At the Fairness Hearing and through the Application for Final Approval, Class Counsel will petition the Court for an award of attorneys' fees of no more than $3,266,666.67, including reimbursement of their actual litigation expenses and costs, to be paid from the QSF.  Defendant will not oppose this application, including any appeal or request for reconsideration if the application is denied or modified by the Court, provided that the application for attorneys' fees would not cause Aldi to pay a total settlement amount of more than the $9,800,000.00.

(B)     The substance of Class Counsel's application for attorneys' fees, expenses and costs is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation.  The outcome of any proceeding related to Class Counsel's application for attorneys' fees, expenses, and costs shall not terminate this Agreement or otherwise affect the Court's ruling on the Application for Final Approval.

(C)     The attorneys' fees, expenses, and costs shall be paid from the Qualified Settlement Fund at the time the payments to Authorized Class Claimants are made, unless an order of the Court requires a different timing for the payments.

## 3.4     Service Award to Named Plaintiffs.

(A)     In return for services rendered to the Settlement Class Members and Authorized Claimants, and in exchange for the execution of a general release of claims, Named

Plaintiffs will apply to the Court to receive no more than Thirty Thousand Dollars collectively ($30,000.00) as a Service Award from the QSF.

(B)    The application for a Service Award is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation. The outcome of the Court's ruling on the application for a Service Award will not terminate this Agreement or otherwise affect the Court's ruling on the Application for Final Approval, Final Approval Order, or the fairness or reasonableness of settlement. Defendant may not oppose Plaintiffs' application for Service Award.

## 3.5    Allocation to Authorized Claimants.

(A)    The Individual Net Amount for each Authorized Claimant shall be determined as follows: the claims of the FLSA Collective Members who are Authorized Claimants ("FLSA Authorized Claimants") shall be settled for the amount of $8,625,000.00 ("FLSA Allocation"), which shall be allocated to each FLSA Authorized Claimant in an amount proportionate to that individual's share of the aggregate total weeks worked by all FLSA Collective Members. The FLSA Allocation divided by the aggregate total weeks worked by all FLSA Collective Members within the period beginning at the latter of three years (or six years for those who worked in the state of New York) before the date of each Plaintiff's consent to join this lawsuit (or the filing of this lawsuit for those who worked in New York) or his or her start date as a salaried exempt Store Manager through October 17, 2017 (or, if earlier, the date he or she ceased employment as a salaried exempt Store Manager for Aldi) shall be the "Weekly Allocation." To the extent that an FLSA Plaintiff did not work as a salaried Store Manager classified by Aldi as exempt during the relevant time period, such FLSA Collective Member shall be entitled to the sum of $100.00. In addition, individual New York Class Members who did not join the lawsuit as FLSA opt-in plaintiffs prior to this settlement and who timely file claim forms to become Authorized Claimants ("New York Class Claimants") shall be entitled to receive payment in the amount of their individual number of total weeks worked within the latter of the period beginning six years before the date of the filing of this lawsuit or his or her start date as a salaried exempt Store Manager through October 17, 2017 (or, if earlier, the date he or she ceased employment as a salaried exempt Store Manager for Aldi Inc.) multiplied by the Weekly Allocation (collectively, the "New York Allocation"). In no event shall an FLSA Authorized Claimant be able to receive payment twice for the same workweek as both an FLSA Authorized Claimant and a New York Class Claimant. All payments distributed to the settlement class shall be split evenly between wages and liquidated and other damages for tax purposes, and the employee's share of taxes shall be withheld from the wage Settlement Check. Collectively, the FLSA Allocation and the New York Allocation include all amounts to be paid by Aldi pursuant to this settlement. Aldi shall have no other liability for any other costs, damages, attorney's fees, disbursements, interest, or taxes. In the event that the aggregate of all Authorized Claims, *plus* the employee's and employer's share of withholding taxes, the Reserve Fund, and Costs and Fees, exceeds

$9,800,000.00, each individual FLSA Authorized Claimant and New York Class Claimant shall have their Individual Net Amount reduced proportionately until the total Net Settlement Amount equals $9,800,000.00.

(B)    To the extent that the value of the New York Allocation attributable to New York Class Claimants is less than $1,175,000.00, Aldi shall be entitled to a reversion of the difference between $1,175,000.00 and the value of the New York Allocation attributable to the New York Class Claimants.

## 3.6    Tax Characterization.

Individual Net Amounts to Authorized Claimants will be deemed 50% W-2 wage income and shall be subject to applicable payroll and withholding taxes, and 50% 1099 non-wage income from which no withholdings shall be made. The Service Award shall also be deemed 1099 non-wage income.

## 4.    RELEASE

## 4.1    Release of Claims, Promise Not to Sue, and Agreement to No Re-Employment by Named Plaintiffs.

(A)    The Named Plaintiffs—who, in addition to their Individual Net Amounts, shall receive a Service Award in an amount approved by the Court not to exceed $10,000.00 each—agree to release Aldi from all claims of any type to date, known or unknown, suspected or unsuspected, arising out of anything to do with their employment or the end of their employment, including claims for: (a) any pay, compensation, benefits (including bonuses, expenses, incentive pay, insurance, salary or wages), or any other types of damages (including actual, compensatory, punitive, or liquidated damages, attorneys' fees, costs, or interest); (b) any violation of any express or implied employment contracts, covenants, promises, or duties; (c) intentional or tortious interference with contract or business relations, misrepresentation, fraud, conversion, promissory estoppel, detrimental reliance, wrongful termination, retaliatory discharge, assault, battery, false imprisonment, personal injury, defamation, libel, slander, invasion of privacy, negligence, negligent hiring, retention or supervision, negligent, reckless or intentional infliction of emotional distress and/or mental anguish, conspiracy, or loss of consortium, violation of public policy, or any other federal, state, local, or common law claims; (d) discrimination based on sex (including sexual harassment), pregnancy, race, color, national origin, citizenship, ancestry, religion, disability, handicap, age, genetics, retaliation, sexual orientation, leave status, marital status, parental status, veteran status, source of income, benefit entitlement, union activity, whistle-blower or other protected activity, or any other legally-protected status under federal, state, or local law; and (e) any right to bring, or be a member of, any class, representative, or collective action against Aldi, other than this Litigation, to the fullest extent permitted by law ("Named Plaintiffs' Released Claims").

(B)    The Named Plaintiffs' Released Claims exclude any claims for a breach of this Agreement, vested pension benefits, or any claims that cannot be waived by law,

such as claims for unemployment compensation and workers' compensation. The release section also excludes the Named Plaintiffs' right to file with or participate in the investigation of any administrative charge by a government agency (such as the EEOC). But, the Named Plaintiffs hereby give up any right to recover any money or other personal benefit from any such charge or investigation.

(C)     The Named Plaintiffs promise not to sue Aldi for any claims covered by the Named Plaintiffs' Released Claims and not excluded by the release exclusions above. This promise not to sue is separate from, and in addition to, their promises in the release/release exclusion sections above.

(D)     The Named Plaintiffs each agree to give up any current right to re-employment or reinstatement with Aldi and each agree not to seek rehire with Aldi and its current and future divisions, subsidiaries, affiliates, and parents.

## 4.2     Release of Claims by Settlement Class Members.

(A)     By operation of the entry of the Final Approval Order, and except as to such rights or claims as may be created by this Agreement each individual New York Class Member (including each FLSA Collective Member who worked as a salaried, exempt Store Manager in New York) who does not timely opt-out pursuant to this Agreement forever and fully releases Defendant from Released Class Claims.

(B)     In addition, each Authorized Claimant will specifically and affirmatively release Defendant from any FLSA claims for unpaid minimum wages, overtime wages, liquidated damages, and attorneys' fees and costs related to such claims, that were or could have been asserted in the Litigation, whether known or unknown, through the date of final approval of the settlement ("Released FLSA Claims"). FLSA Authorized Claimants will be deemed to have agreed to this release of FLSA claims by failing to withdraw their previously-filed Consent to Join Forms. New York Class Claimants will release their claims under the FLSA through the signature line on their opt-in Claim Form, which will be filed with the Court. The opt-in Claim Form shall contain the following language:

> By signing this Claim Form, I confirm that I have a bona fide dispute with Aldi as to my wages for overtime work and thus consent to participate in the settlement of this class action and to join the FLSA collective action against Aldi Inc. styled as *Griffin, et al. v. Aldi, Inc.*, Civil Action No. 5:16-cv-354. I understand that, by joining this lawsuit and agreeing to participate in the settlement of it, I am agreeing to release Aldi from all wage and hour claims under New York law and the Fair Labor Standards Act which have been brought in the lawsuit or that are based on the same facts and circumstances as the claims in the lawsuit, including but not limited to unpaid regular and overtime wage claims, all related wage and hour and wage payment claims, all derivative benefit claims (i.e., claims for benefits, both ERISA and non-ERISA, resulting from alleged failure

to pay overtime or other wages), and all interest on such claims, liquidated damages, punitive damages, and/or other damages, attorneys' fees, expenses, and costs for all time periods through the date of the Final Order.

(C)     Except as provided in this Agreement, upon payment of the attorneys' fees, expenses, and costs approved by the Court, Class Counsel and Plaintiffs, on behalf of the New York Class Members and FLSA Authorized Claimants, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that he, she, or they may have against Defendant for attorneys' fees or costs associated with Class Counsel's representation of the Named Plaintiffs and Settlement Class Members. Class Counsel further understands and agrees that any fee payments approved by the Court will be the full, final, and complete payment of all attorneys' fees, expenses, and costs associated with Class Counsel's representation in the Litigation.

**4.3     Denial of Liability & Confidentiality**

(A)     Defendant has agreed to the terms of this Agreement without in any way acknowledging any fault or liability, and with the understanding that terms have been reached because this settlement will avoid the further expense and disruption of Defendant's business due to the pendency and expense of litigation. Nothing in this Agreement shall be deemed or used as an admission of liability by Defendant, nor as an admission that a class should be certified or that the conditionally-certified FLSA collective should remain certified for any purpose in this Litigation other than settlement purposes.

(B)     Neither Party shall make any statement to the media relative to this settlement.

(C)     Plaintiffs agree the terms of the settlement will not be publicized.

**5.     INTERPRETATION AND ENFORCEMENT**

**5.1     Cooperation Between the Parties; Further Acts**. The Parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval of this Agreement and all of its terms. Each party, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

**5.2     No Assignment.** Class Counsel and Named Plaintiffs, on behalf of the individual Settlement Class Members, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

**5.3     Entire Agreement.** This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous

negotiations and understandings between the Parties shall be deemed merged into this Agreement.

5.4    **Binding Effect.**  This Agreement shall be binding upon the Parties and, with respect to Named Plaintiffs and all Settlement Class Members who do not opt out of the settlement, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns.

5.5    **Arms' Length Transaction; Materiality of Terms.**  The Parties have negotiated all the terms and conditions of this Agreement at arms' length.  All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

5.6    **Captions.**  The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

5.7    **Governing Law.**  This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

5.8    **Continuing Jurisdiction.**  The Parties shall request the Court to retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.  The Parties shall not petition the Court to modify the terms of the Agreement or to increase Defendant's payment obligations hereunder.

5.9    **Waivers, etc. to Be in Writing.**  No waiver, modification, or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification, or amendment, subject to any required Court approval.  Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

5.10    **When Agreement Becomes Effective; Counterparts.**  This Agreement shall become effective upon the Final Effective Date.  The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument.

5.11    **Binding Authority of Class Counsel**. Class Counsel hereby represent that they are fully authorized to bind the Named Plaintiffs and the FLSA Collective Members, each of whom they represented at the time of the settlement negotiations, to the terms and conditions

hereof and that they have retainer agreements and/or authorizations to execute this Agreement on their behalf.

5.12 **Signatures.**  This Agreement is valid and binding if signed by the Parties' authorized representatives.

5.13 **Facsimile and Email Signatures.**  Any party may execute this Agreement by causing its counsel to sign on the designated signature block below and transmitting that signature page via facsimile or email to counsel for the other party.  Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

5.14 **Construction**.  The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties.  Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

5.15 Named Plaintiffs and their Counsel warrant that they are not currently involved in or contemplating commencing any other wage-hour actions against Aldi.

5.16 All settlement calculations, settlement payments, tax payments, and tax reporting shall be done by a third-party administrator selected jointly by Class Counsel and Defendant's Counsel.

**WE AGREE TO THESE TERMS,**

**NAMED PLAINTIFFS AND CLASS REPRESENTATIVES:**

_____
ANTHONY GRIFFIN


_____
MARK MCINDOO


_____
SUZANNE DETOMASO


**ALDI INC.:**


_____
Print Name                          Title                                          Signature

**ATTORNEYS FOR THE CLASS:**

**FRANK S. GATTUSO, ESQ.**

_____

Frank S. Gattuso
9 Landgrove Drive
Fayetteville, New York 13066
Telephone: 315-400-5958
Email: frankgattuso14@gmail.com

**VIRGINIA & AMBINDER, LLP**
Lloyd R. Ambinder
40 Broad Street, 7th Floor
New York, New York 10004
Telephone: (212) 943-9080
Fax: (212) 943-9082
Email: Lambinder@vandallp.com

**THE SULTZER LAW GROUP, P.C**
Adam R. Gonnelli
85 Civic Center Plaza, Suite 104
Poughkeepsie, NY 12601
Telephone: (845) 483-7100
Facsimile: (888) 749-7747
Email: gonnellia@thesultzerlawgroup.com

**FARUQI & FARUQI, LLP**
Innessa M. Huot
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: (212) 983-9330
Facsimile: (212) 983-9331
Email: imelamed@faruqilaw.com

**LEEDS BROWN LAW, P.C.**
Jeffrey K. Brown
Michael A. Tompkins
1 Old Country Road, Suite 347
Carle Place, New York 11514
Telephone: (516) 873-9550
Email: jbrown@leedsbrownlaw.com

# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
SYRACUSE DIVISION

=========================================

ANTHONY GRIFFIN, MARK MCINDOO, and
SUZANNE DETOMASO, on behalf of themselves and
all others similarly situated,

                    Plaintiffs,               Civil Action No.: 5:16-cv-354
                                                 (LEK/ATB)

        v.

ALDI, INC., DOE DEFENDANTS 1-10,

                    Defendants.

=========================================

## NOTICE OF SETTLEMENT OF FLSA COLLECTIVE ACTION LAWSUIT

**TO:**    All current and former Aldi Inc. ("Aldi") Store Managers who previously joined the Fair Labor Standards Act ("FLSA") lawsuit against Aldi as party plaintiffs by filing a Consent to Join form (referred to as the "FLSA Collective").

## PLEASE READ THIS NOTICE CAREFULLY

This Notice relates to a proposed settlement of the above-styled lawsuit that you previously joined as a party plaintiff by filing a Consent to Join form. The Named Plaintiffs and your attorneys ("Class Counsel") have agreed with Aldi to settle the lawsuit for a maximum of $9.8 million. This notice has been authorized by the United States District Court for the Northern District of New York. It contains important information about your right to receive a settlement check or to elect not to be included in the settlement by withdrawing from the case ("opt-out").

Aldi Inc. has agreed to settle the wage claims for work you performed as a Store Manager. The Court has not decided who is right and who is wrong in this lawsuit. Your legal rights may be affected, and you have a choice to make now. These rights and options are summarized below and are fully explained in this Notice.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

**PARTICIPATE**    Unless you opt out of the settlement by withdrawing your Consent to Join form, you will be deemed to have participated in it. As described more fully below, you must submit a properly completed W-9 form enclosed with this Notice. If the Court approves this settlement, you should receive your settlement check approximately 60 days after the approval, provided that there is no appeal of that approval order.

| **EXCLUDE YOURSELF** | If you wish to opt-out from the lawsuit, you must follow the directions outlined in response to Question 6 below. If you opt out, you will not be part of the settlement but you will keep the right to bring your own case against Aldi with your own lawyers at your own expense. |
| --- | --- |

## 1. Why did I receive this notice?

You have received this notice because records indicate that you worked for Aldi as a Store Manager and you filed a Consent to Join form in late 2016 or early 2017.

## 2. Why is there a settlement?

Class Counsel, with the assistance of a certified public accountant, has analyzed and evaluated the merits of the individual and collective claims made against Aldi in this action. Specifically, Class Counsel has analyzed payroll, personnel files, corporate policies, and procedures, performed extensive legal research, analyzed and projected damages for the individual members of the FLSA Collective, and engaged in the exchange of discovery, including depositions. The parties also participated in two separate in-person settlement conferences—the first in October 2017 with private mediator Martin Scheinman, Esq., and the second in January 2018 with Magistrate Judge Andrew T. Baxter. Based upon Class Counsel's analysis of this data, relevant law, and the substantial risks of continued litigation, including the possibility that the litigation, if not settled now, might not result in any recovery whatsoever for Class Members, or might result in a recovery that is less favorable and/or that would not occur for several years, Class Counsel entered into this proposed settlement.

## 3.      How much will I receive if I do not withdraw my Consent to Join form?

The amount you will receive depends on how many people participate in the settlement. The maximum amount to be paid in the settlement is $9.8 million. After attorneys' fees, expenses, administration costs, employer- and employee-side taxes, and service awards for the three Named Plaintiffs are deducted, the amount each person receives will be calculated based on the number of weeks they worked as a Store Manager. If you worked for Aldi as a Store Manager in New York at any time between March 29, 2010, and October 17, 2017, all such time as a New York Store Manager will be included in the calculation of your workweeks. If you worked for Aldi as a Store Manager outside of New York, you will be credited with the number of weeks you worked as a salaried exempt Store Manager for Aldi between the date three years prior to the filing of your Consent to Join form through October 17, 2017. There is a maximum of $8,625,000 provisionally designated for potential payments to the FLSA Collective prior to the deductions described above. The remaining $1,175,000 is provisionally allocated to the New York Class. The amounts that will ultimately be used for the FLSA Collective and New York Class  allocations depend on the number of claimants because the two allocations are in an inverse relationship. In other words, the amount attributable to the FLSA Collective may decrease if the amount attributable to the New York Class needs to increase to ensure

an equitable allocation of the settlement monies based on the total number of workweeks represented by each group of claimants.

In no event shall an FLSA Authorized Claimant be able to receive payment twice for the same workweek as both an FLSA Authorized Claimant and a New York Class Claimant. All payments distributed to each claimant shall be split evenly between wages and liquidated and/or other non-wage damages for tax purposes, and the employee's share of taxes shall be withheld from the wage Settlement Check that you will receive.

| **4.** | **If I want to remain a party to this lawsuit and receive a settlement check, what do I have to do?** |

You are already a party to this lawsuit by virtue of the Consent to Join form that you previously filed. To receive a settlement check, however, you **must** submit a completed W-9 form (enclosed). You have a right to participate in this settlement regardless of your immigration status. Your settlement payment will be delayed if you submit a W-9 with incomplete or missing information. If you do not have a TIN or SSN, you may still participate in the settlement so long as you obtain a TIN or SSN on or before **[180 days from mailing date].**

| **5.** | **Settlement Fund and Termination Provisions** |

The parties have agreed that the maximum that Aldi will pay under the parties' settlement agreement, inclusive of payments to workers, employer and employee taxes, Class Counsel's attorneys' fees, costs, and expenses, Settlement Claims Administrator's costs and fees, and approved Service Awards to the Named Plaintiffs, is $9,800,000.00. Aldi may terminate the settlement if 5% or more Settlement Class Members opt-out. Plaintiffs may terminate this Agreement if the aggregate value of the Authorized Claims of New York Class participants exceeds 50% of the maximum potential of all New York Class allocations. The amounts paid to you and all other Authorized Claimants may be reduced proportionately in the event the aggregate of all Authorized Claims, taxes, fees, costs, expenses, and service awards exceeds $9,800,000.00.

| **6.** | **If I no longer want to be a party to this lawsuit and thus wish to exclude myself from the settlement, what should I do?** |

You may exclude yourself ("opt-out") from this case if you do not want to receive a settlement payment, but you want to maintain your right to sue Aldi on your own. To withdraw from this case you **must** mail a written, signed statement to Class Counsel clearly indicating your wish to opt out of the "ALDI Class Action Settlement." You **must** include your name, address, and telephone number in your opt-out letter to Class Counsel. To be effective, Class Counsel must receive your request in time to withdraw your Consent to Join form that is currently on file with the Court. Thus, you **must** fax, email, or mail via First Class United States Mail, postage prepaid, your signed opt-out statement to the address below, and postmarked by **[insert Bar Date when set by Court].**

**Settlement Claims Administrator**
_____, NY
Tel: _____  Fax: _____
E-Mail: info@_____.com
<u>RE: Aldi</u>

**7. If my Consent to Join form is not withdrawn by _____ 2018 what claims against Aldi am I releasing?**

If you fail to opt-out using the process described in response to question 6 above or do nothing by **[BAR DATE] 2018** then you will automatically be part of this settlement and will be deemed to have released your claims as a party plaintiff to this lawsuit. Upon receipt of the W-9 form you will be entitled to receive your allocated share of the settlement. The scope of your release of claims will depend on where you worked for Aldi as a Store Manager.

If you worked for Aldi in any state other than New York, your released claims include any FLSA claims for unpaid minimum wages, overtime wages, liquidated damages, and attorneys' fees and costs related to such claims, that were or could have been asserted in the Litigation, whether known or unknown, through the date of final approval of the settlement.

If you worked for Aldi in New York, your released claims include all claims specifically related to your employment by Aldi under the FLSA and New York law for alleged unpaid regular or overtime wages, all related wage and hour and wage payment claims, all "derivative benefit claims" (i.e., claims for benefits, both ERISA and non-ERISA benefits, resulting from alleged failure to pay overtime or other wages), and all interest on such claims, liquidated damages, punitive damages, and/or other damages, attorneys' fees, expenses, and costs related to such claims.

**8. If I exclude myself ("opt-out"), can I get money from this settlement?**

No. If you opt out by withdrawing your Consent to Join form, you will not receive any money from this lawsuit.

**9. Who are the lawyers and how will the lawyers be paid?**

The following law firms represent you in this case.

THE SULTZER LAW GROUP, P.C.
Adam R. Gonnelli
85 Civic Center Plaza, Suite 104
Poughkeepsie, NY 12601
Telephone: (845) 483-7100
Facsimile: (888) 749-7747
Email: gonnellia@thesultzerlawgroup.com

FRANK S. GATTUSO, ESQ.
9 Landgrove Drive
Fayetteville, New York 13066
Telephone: 315-400-5958
Email: frankgattuso14@gmail.com

VIRGINIA & AMBINDER, LLP
Lloyd R. Ambinder
40 Broad Street, 7th Floor
New York, New York 10004
Telephone: (212) 943-9080
Fax: (212) 943-9082
Email: Lambinder@vandallp.com

FARUQI & FARUQI, LLP
Innessa S. Huot
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: (212) 983-9330
Facsimile: (212) 983-9331
Email: ihuot@faruqilaw.com

LEEDS BROWN LAW, P.C.
Jeffrey K. Brown
Michael A. Tompkins
1 Old Country Road, Suite 347
Carle Place, New York 11514
Telephone: (516) 873-9550
Email: jbrown@leedsbrownlaw.com

Class Counsel will ask the Court to approve a fee of up to one-third of the maximum settlement amount of $9.8 million described above ($3,266,666.67). Any fee award will be deducted from the $9.8 million fund. The Court will ultimately decide the amount that will be paid to Class Counsel.

## 12. When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at _____.m. on _____ 2018, at the United States District Court , _____ Street, _____, New York, in Courtroom _____. At this hearing the Court will consider whether the terms of the settlement are fair, reasonable, and adequate. After the hearing, the Court will decide whether to approve the settlement. If the settlement is approved, the Court may also decide how much to pay to Class Counsel. We do not know how long these decisions will take.

### YOU ARE <u>NOT</u> REQUIRED TO ATTEND THE FAIRNESS HEARING

## 13. Are there more details about the settlement?

This notice summarizes the proposed settlement. More details are contained in the Settlement Agreement. You can review the Settlement Agreement by asking for a copy by contacting the Settlement Claims Administrator or Class Counsel (see contact information in Questions 6 and 9). **Please do not contact the court with questions about the settlement.**

# EXHIBIT C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
SYRACUSE DIVISION
=========================================
ANTHONY GRIFFIN, MARK MCINDOO, and
SUZANNE DETOMASO, on behalf of themselves and
all others similarly situated,

                       Plaintiffs,            Civil Action No.: 5:16-cv-354
                                              (LEK/ATB)

      v.

ALDI, INC., DOE DEFENDANTS 1-10,

                       Defendants.
=========================================

## NOTICE OF SETTLEMENT OF CLASS ACTION
## AND FLSA COLLECTIVE ACTION LAWSUIT

**TO:**    All current and former Store Managers employed by Aldi at its locations in the State of New York at any time between March 29, 2010 and October 17, 2017 who did not previously join the lawsuit as FLSA opt-in plaintiffs. For purposes of this Notice only, all eligible New York Store Managers are referred to as the "New York Class."

## PLEASE READ THIS NOTICE CAREFULLY

This Notice relates to a proposed settlement of any and all claims by all current and former Store Managers employed by Aldi at its locations in the State of New York at any time between March 29, 2010 and October 17, 2017. This notice has been authorized by the United States District Court for the Northern District of New York. It contains important information about your right to receive a settlement check, to object to the settlement, or to elect not to be included in the settlement by excluding yourself from the case ("opt-out").

Aldi Inc. has agreed to settle the wage claims for work you performed as a Store Manager. The settlement amount is $9.8 million. The Court has not decided who is right and who is wrong in this lawsuit. Your legal rights may be affected, and you have a choice to make now. These rights and options are summarized below and are fully explained in this Notice.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

**PARTICIPATE**    You can submit a claim to receive a payment. Unless you exclude yourself from the settlement, you will be deemed to have participated in it. As described more fully below, **if you wish to receive money as part of this settlement, you must submit a Claim Form and properly completed W-4 and W-9 Forms enclosed with this Notice.** If the Court approves this settlement, you should receive your

settlement check approximately 60 days after the approval, provided that there is no appeal of that approval order.

|  |  |
|---|---|
| **EXCLUDE YOURSELF** | If you wish to exclude yourself ("opt-out") from the lawsuit, you must follow the directions outlined in response to Question 6 below.  If you opt out, you will not be part of the settlement but you will keep the right to bring your own case against Aldi with your own lawyers at your own expense. |
| **OBJECT** | You can object by telling the Court what you do not like about the settlement and why it should not be approved.  If you wish to object to the settlement, you must write to us, at the address listed in response to Question 10 below, about why you believe the settlement is unreasonable, and must do so no later than _____, **2018.**  If the Court rejects your objection, you will still be bound by the terms of the settlement.<br><br>**In order to receive money from the settlement you must submit a claim. If you do nothing, you will not receive any money from the settlement but your claims will be released.** |

## 1. Why did I receive this notice?

You have received this notice because records indicate that you worked for Aldi as a Store Manager in the State of New York at any time between March 29, 2010 and October 17, 2017.

## 2. Why is there a settlement?

Class Counsel with the assistance of a certified public accountant, has analyzed and evaluated the merits of the individual and collective claims made against Aldi in this action.  Specifically, Class Counsel has analyzed payroll, personnel files, corporate policies, and procedures, performed extensive legal research, analyzed and projected damages for the individual members of the Class, and engaged in the exchange of discovery, including depositions. The parties also participated in two separate in-person settlement conferences—the first in October 2017 with private mediator Martin Scheinman, Esq., and the second in January 2018 with Magistrate Judge Andrew T. Baxter.  Based upon Class Counsel's analysis of this data, relevant law, and the substantial risks of continued litigation, including the possibility that the litigation, if not settled now, might not result in any recovery whatsoever for Class Members, or might result in a recovery that is less favorable and/or that would not occur for several years, Class Counsel entered into this proposed settlement.

## 3.        How much will I receive if I file a claim?

The amount you will receive depends on how many people participate in the settlement.  The maximum amount to be paid in the settlement is $9.8 million.  After attorneys' fees, expenses, administration costs, employer- and employee-side taxes, and service awards for the three Named

Plaintiffs are deducted, the amount each person receives will be calculated based on the number of weeks they worked as a Store Manager. There is a maximum of $1,175,000 provisionally designated for potential payments to the New York Class prior to the deductions described in the preceding sentence. There is also a maximum amount of $8,625,000 provisionally designated for potential payments to Store Managers in the rest of the U.S., prior to the deductions described above. The amounts that will ultimately be used for the New York Class and the Store Managers in other states depend on the number of claimants because the two allocations are in an inverse relationship to one another and will depend on the total number of workweeks represented by each group of claimants. In other words, the amount you will receive will depend on how many people in the New York Class submit claims and how many claimants there are in other states.

If the $1,175,000 provisionally designated for potential payments to the New York Class is not exhausted by New York claimants, Aldi will receive the amount that remains.

In no event shall a New York Store Manager who previously joined this lawsuit as an FLSA opt-in plaintiff be able to receive payment twice for the same workweek as both an FLSA Authorized Claimant and a New York Class Claimant. All payments distributed to each claimant shall be split evenly between wages and liquidated and/or other non-wage damages for tax purposes, and the employee's share of taxes shall be withheld from the wage Settlement Check that you will receive if you file a claim.

| **4.** | **Procedures To File A Claim** |
|---|---|

If you wish to receive your settlement money you **must** submit the enclosed Claim Form **and** a properly completed W-4 and W-9 Form. You have a right to participate in this settlement regardless of your immigration status. However, to participate you must provide a <u>correct</u> Social Security Number ("SSN") or Tax Identification Number ("TIN") in order to receive a check. Your settlement payment will be delayed if you submit a W-4 or W-9 with incomplete or missing information. If you do not have a TIN or SSN, you may still participate in the settlement so long as you obtain a TIN or SSN on or before **[180 days from mailing date].**

| **5.** | **Settlement Fund and Termination Provisions** |
|---|---|

The parties have agreed that the maximum that Aldi will pay under the parties' settlement agreement, inclusive of payments to workers, employer and employee taxes, Class Counsel's attorneys' fees, costs, and expenses, Settlement Claims Administrator's costs and fees, and approved Service Awards to the Named Plaintiffs, is $9,800,000.00. Aldi may terminate this settlement if 5% or more Settlement Class Members opt-out. Plaintiffs may terminate this Agreement if the aggregate value of the Authorized Claims of New York Class participants exceeds $3,358,992.70, which is 50% of the maximum potential of all New York Class allocations. The amounts paid to the Authorized Claimants may be reduced proportionately in the event the aggregate of all Authorized Claims, taxes, fees, costs, expenses, and service awards exceeds $9,800,000.00.

| **6.** | **How do I exclude myself ("opt-out") from the settlement?** |
|---|---|

You may exclude yourself ("opt-out") from this case if you do not want to receive a settlement payment, but you want to maintain your right to sue Aldi on your own. To withdraw from this case you **<u>must</u>**

mail a written, signed statement to Class Counsel clearly indicating your wish to opt out of the "ALDI Class Action Settlement." You **must** include your name, address, and telephone number in your opt-out letter to Class Counsel. To be effective, your opt-out letter **must** be faxed, emailed, or mailed via First Class United States Mail, postage prepaid, to the address below, and postmarked by **[insert Bar Date when set by Court].**

**Settlement Claims Administrator**
_____, NY
Tel: _____  Fax: _____
E-Mail: info@_____.com
<u>RE: Aldi</u>

### 7.  What happens if I do not opt-out by _____ 2018.

If you fail to opt-out by **[BAR DATE] 2018** then you will automatically be part of this settlement and will be deemed to have released all wage and hour claims under New York law which have been brought in the lawsuit or that are based on the same facts and circumstances as the claims in the lawsuit, including but not limited to unpaid regular and overtime wage claims, all related wage and hour and wage payment claims, all derivative benefit claims (i.e., claims for benefits, both ERISA and non-ERISA, resulting from alleged failure to pay overtime or other wages), and all interest on such claims, liquidated damages, punitive damages, and/or other damages, attorneys' fees, expenses, and costs for all time periods from March 29, 2010 through the date of the Final Order.

If you file the enclosed Claim Form, you will be deemed an opt-in party plaintiff under the FLSA, will be deemed to have released all wage and hour claims described above under both New York law and the FLSA, and will be entitled to receive your allocated share of the settlement. If you do nothing, you will still be part of the settlement, however, you will not receive anything; your claim in this case against Aldi will be dismissed with prejudice by the Court.

### 8.  If I exclude myself ("opt-out"), can I get money from this settlement?

No. If you exclude yourself, you will not receive any money from this lawsuit.

### 9.  Who are the lawyers and how will the lawyers be paid?

The following law firms represent you in this case.

THE SULTZER LAW GROUP, P.C.
Adam R. Gonnelli
85 Civic Center Plaza, Suite 104
Poughkeepsie, NY 12601
Telephone: (845) 483-7100
Facsimile: (888) 749-7747
Email: gonnellia@thesultzerlawgroup.com

FRANK S. GATTUSO, ESQ.
9 Landgrove Drive
Fayetteville, New York 13066
Telephone: 315-400-5958
Email: frankgattuso14@gmail.com

VIRGINIA & AMBINDER, LLP
Lloyd R. Ambinder
40 Broad Street, 7th Floor
New York, New York 10004

FARUQI & FARUQI, LLP
Innessa S. Huot
685 Third Avenue, 26th Floor
New York, NY 10017

Telephone: (212) 943-9080　　　　　　Telephone: (212) 983-9330
Fax: (212) 943-9082　　　　　　　　　Facsimile: (212) 983-9331
Email: Lambinder@vandallp.com　　　Email: ihuot@faruqilaw.com

LEEDS BROWN LAW, P.C.
Jeffrey K. Brown
Michael A. Tompkins
1 Old Country Road, Suite 347
Carle Place, New York 11514
Telephone: (516) 873-9550
Email: jbrown@leedsbrownlaw.com

Class Counsel will ask the Court to approve a fee of up to one-third of the maximum settlement amount described above ($3,266,666.67). Any fee award will be deducted from the $9.8 million fund. The Court will ultimately decide the amount that will be paid to Class Counsel.

## 10.  How do I object to the settlement?

You can object to the settlement if you don't like any part of it.  You must give reasons why you think the Court should not approve it.  The Court will consider your views.  If the Court rejects your objection, you will still be bound by the terms of the settlement.  To object, you must send a letter saying that you object to this proposed settlement. Your statement must include all reasons for the objection and any supporting documentation.  Your statement must also include your name, address, and telephone number. If you wish to present your objection at the Fairness Hearing described below, you must state your intention to do so in your written objection. You will not be allowed to present reasons for your objection at the Fairness Hearing that you did not describe in your written objection.  Fax, email, or mail via First-Class United States Mail, postage prepaid, your objection to the address below.  Your objection may not be heard unless it is received by the Settlement Claims Administrator by _____**2018.**

**Settlement Claims Administrator**
_____
_____, NY
**Tel: _____　Fax: _____**
**E-Mail: info@_____.com**
**RE: Aldi**

Class Counsel will file your objection with the Court. You may not both object to the settlement **and** opt-out of this case.

## 11.  What's the difference between objecting and opting out?

Objecting is simply telling the Court that you don't like something about the settlement.  You can object only if you stay in the Class.  Excluding yourself ("opting out") is telling the Court that you don't want to be part of the Class and this proposed settlement.  If you opt out, you have no basis to object because you will no longer remain a party to this action. If you do not opt-out of the settlement you will be deemed to have released your claims in this lawsuit against Aldi.

**12. When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing at _____.m. on _____ 2018, at the United States District Court , _____ Street, _____, New York, in Courtroom _____. At this hearing the Court will consider whether the terms of the settlement are fair, reasonable, and adequate. If there are objections, the Court will consider them as well.   After the hearing, the Court will decide whether to approve the settlement.  If the settlement is approved, the Court may also decide how much to pay to Class Counsel. We do not know how long these decisions will take.

### YOU MAY, BUT ARE <u>NOT</u> REQUIRED TO, ATTEND THE FAIRNESS HEARING

**13. Are there more details about the settlement?**

This notice summarizes the proposed settlement.   More details are contained in the Settlement Agreement.   You can review the Settlement Agreement by asking for a copy by contacting the Settlement Claims Administrator  or Class Counsel (see contact information in Questions 9 and 10). **Please do not contact the court with questions about the settlement.**

# EXHIBIT D

# ALDI INC. CLAIM FORM

## YOU MUST COMPLETE THIS FORM IF YOU WISH
## TO PARTICIPATE IN THIS SETTLEMENT

## CLAIM FORM INSTRUCTIONS

You are encouraged to read the Notice of Proposed Settlement of Class Action (the "Notice"), which accompanies this CLAIM FORM. To be entitled to participate in this proposed Class Action settlement, you must mail, fax or e-mail this claim form with supporting documents and a completed W-9 and W-4 form on or before _____, 2018 (the "Claim Bar Date") to _____ Claims Administration:

**Settlement Claims Administrator**

_____
_____
_____, NY
Tel: _____ Fax: _____
E-Mail: info@_____.com
<u>RE: Aldi</u>

**IF YOU FAIL TO SUBMIT A PROPERLY ADDRESSED AND FULLY COMPLETED CLAIM FORM WITH A COMPLETED W-9 AND W-4 FORM POST-MARKED, FAXED, OR EMAILED BY _____, 2018 YOU WILL BE PROHIBITED FROM PARTICIPATING IN THIS SETTLEMENT, UNLESS OTHERWISE PERMITTED BY THE COURT.**

## CLAIMANT IDENTIFICATION

This Claim Form must be accompanied by a completed and signed W-9 and W-4 forms. You must include your social security number ("SSN") or tax identification number ("TIN") on both forms. If you do not have an SSN or TIN, you will still be allowed participate in the settlement; however you will have until _____ **2018** to obtain a TIN or SSN, otherwise your settlement money will be returned to Aldi Inc., and you will not receive a payment.

| THIS CLAIM FORM AND THE ENCLOSED W-9 AND W-4 FORMS MUST BE FAXED, EMAILED, OR MAILED AND POST-MARKED ON OR BEFORE _____, 2018 |
| --- |

_____
(First, Middle, Last)

_____
(Street Address)

_____
City                                        State                                        Zip Code

_____
Email (PRINT NEATLY)                                        (Area Code) Telephone Number

By signing this Claim Form, I confirm that I have a bona fide dispute with Aldi as to my wages for overtime work and thus consent to participate in the settlement of this class action and to join the FLSA collective action against Aldi Inc. styled as *Griffin, et al. v. Aldi, Inc.*, Civil Action No. 5:16-cv-354. I understand that, by joining this lawsuit

and agreeing to participate in the settlement of it, I am agreeing to release Aldi from all wage and hour claims under New York law and the Fair Labor Standards Act which have been brought in the lawsuit or that are based on the same facts and circumstances as the claims in the lawsuit, including but not limited to unpaid regular and overtime wage claims, all related wage and hour and wage payment claims, all derivative benefit claims (i.e., claims for benefits, both ERISA and non-ERISA, resulting from alleged failure to pay overtime or other wages), and all interest on such claims, liquidated damages, punitive damages, and/or other damages, attorneys' fees, expenses, and costs for all time periods from March 29, 2010 through the date of the Final Order.

SIGNATURE:_____