**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
**SYRACUSE DIVISION**

U.S. DISTRICT COURT
N.D. OF N.Y.
**FILED**

JUN 2 0 2018

LAWRENCE K. BAERMAN, CLERK
ALBANY

================================================

ANTHONY GRIFFIN, MARK MCINDOO, and
SUZANNE DETOMASO, on behalf of themselves and
all others similarly situated,

                              Plaintiffs,                    Civil Action No.: 5:16-cv-354
                                                                      (LEK/ATB)

         v.


ALDI, INC., DOE DEFENDANTS 1-10,

                              Defendants.

================================================

### ORDER GRANTING PRELIMINARY APPROVAL OF
### CLASS AND COLLECTIVE ACTION SETTLEMENT

On May 27, 2018, the parties filed their motion for preliminary approval of a settlement of

this conditionally-certified FLSA collective action brought by Anthony Griffin, Mark McIndoo

and Suzanne Detomaso (the "Named Plaintiffs" or "Plaintiffs"). In so doing, the parties also

requested certification of a New York statewide Rule 23 class action for settlement purposes only

and sought approval of settlement on behalf of these putative New York class members as well

("New York Class Members"). The Court has considered the parties' request for approval of a

Rule 23 class pursuant to Rule 23(e) for settlement purposes only and the Settlement Agreement

and Release ("Settlement Agreement"), filed in its final form on April 27, 2018, with its attached

exhibits (Docket #100-4), and the Declaration of Adam Gonnelli ("Gonnelli Decl."), filed on April

27, 2018 (Docket #100-3), and hereby finds and orders as follows:

### I.   Preliminary Approval of Settlement

1.      Unless otherwise defined herein, all terms used in this order (the "Preliminary

Approval Order") will have the same meaning as defined in the Settlement Agreement.

2.      The Court finds on a preliminary basis that the settlement memorialized in the Settlement Agreement, filed with the Court, falls within the range of reasonableness and, therefore, meets the requirements for preliminary approval such that notice to the class is appropriate.

3.      The Court finds that the Settlement Agreement is the result of extensive, arms'-length negotiations by counsel well versed in the prosecution of wage and hour class and collective actions.

4.      The Court grants the parties' motion (Docket #100) for preliminary approval of the Settlement Agreement.

## II.     Conditional Certification of the Proposed New York Class For Settlement Purposes Only

5.      Preliminary approval of the settlement, class certification for settlement purposes, and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring all class members are notified of the terms of the proposed Settlement Agreement, and setting the date and time of the final approval hearing.

6.      Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court conditionally certifies, for settlement purposes only (and for no other purpose and with no other effect upon this or any other action, including no effect upon this action should the Settlement not ultimately be approved), a Rule 23 Class consisting of all current and former Store Managers employed by Aldi at its locations in the State of New York at any time between March 29, 2010 and October 17, 2017, and who are not FLSA Collective Members as defined below.

7.      The Court appoints, for settlement purposes only, Plaintiffs Anthony Griffin, Mark McIndoo and Suzanne Detomaso to represent the New York Class.

8.      For settlement purposes only, Plaintiffs meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

2

9.     A collective action has already been conditionally approved by the Court by Decision and Order dated February 22, 2017 (Docket # 45), and is comprised of all current and former Store Managers employed at Aldi commencing March 29, 2013.

10.     Any FLSA Collective Member who previously completed a Consent to Join form shall receive notice of this proposed settlement and shall be required to complete a W-4 and W-9 form in order to receive a settlement payment.  The FLSA Collective Member shall automatically be deemed to have accepted the settlement and not to have opted out, irrespective of whether the W-4 and W-9 form are timely returned, if the FLSA Collective Member has not withdrawn his or consent to join this lawsuit by [**the Bar Date**].

## III.     Appointment of Plaintiffs' Counsel as Class Counsel

11.     For settlement purposes only, the Court appoints the following firms as Class Counsel because they meet all of the requirements under Federal Rule of Civil Procedure 23(g):

THE SULTZER LAW GROUP, P.C.
Adam R. Gonnelli
85 Civic Center Plaza, Suite 104
Poughkeepsie, NY 12601
Telephone: (845) 483-7100
Facsimile: (888) 749-7747
Email: gonnellia@thesultzerlawgroup.com

FARUQI & FARUQI, LLP
Innessa S. Huot
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: (212) 983-9330
Facsimile: (212) 983-9331
Email: ihuot@faruqilaw.com

LEEDS BROWN LAW, P.C.
Jeffrey K. Brown
Michael A. Tompkins
1 Old Country Road, Suite 347
Carle Place, New York 11514
Telephone: (516) 873-9550
Email: jbrown@leedsbrownlaw.com

FRANK S. GATTUSO, ESQ.
9 Landgrove Drive
Fayetteville, New York 13066
Telephone: 315-400-5958
Email: frankgattuso14@gmail.com

VIRGINIA & AMBINDER, LLP
Lloyd R. Ambinder
40 Broad Street, 7th Floor
New York, New York 10004
Telephone: (212) 943-9080
Fax: (212) 943-9082
Email: Lambinder@vandallp.com

12.     Class Counsel did substantial work identifying, investigating, prosecuting, and

settling Plaintiffs' and New York Class and FLSA Collective Members' claims.

13.     Class Counsel have substantial experience prosecuting and settling employment class actions, including wage and hour class actions, and are well-versed in wage and hour law and class action law.

14.     The work that Class Counsel has performed both in litigating and settling this case demonstrates their skill and commitment to representing the class's interests.

**Notice**

15.     The Court finds that the procedures for notifying the Rule 23 Class and FLSA Collective Members about the Settlement as described in the Settlement Agreement provide the best notice practicable under the circumstances and therefore meet the requirements of due process, and directs mailing of the Notices in accordance with the Settlement Agreement.

16.     The Court approves, as to form and content, the Notice of Settlement of FLSA Collective Action Lawsuit, Notice of Settlement of Class and FLSA Collective Action Lawsuit (the "Proposed Notices"), and the Claim Form and Release, attached to the Gonnelli Decl. as Exhibits B and C.

17.     The Proposed Notices satisfy Federal Rule of Civil Procedure 23(c)(2)(B) and adequately describes the what the case is about, the definition of the FLSA Class and the New York Class, options that class members have, including participation in the settlement, opting out and objecting, the release of claims, and how to obtain additional information. The Proposed Notices also describe the terms of the settlement, the potential payment of attorneys' fees and costs, and provide specific information regarding the date, time, and place of the final approval hearing.

The Settlement Claims Administrator is authorized to mail those documents in substantially the form approved, after they are updated with the appropriate dates and deadlines

consistent with the Settlement Agreement and this Order, to the applicable New York Class and FLSA Collective Members as provided in the Settlement Agreement.

18.     Any written objection to the settlement by a New York Class Member who has not opted-out must be received by the Settlement Claims Administrator within forty-five (45) days from the mailing of the Proposed Notice and shall then be filed with this Court.

## IV.     Class Action Settlement Procedure

19.     The Court hereby adopts the settlement approval process as set forth in the Settlement Agreement.

20.     In the event that the Final Effective Date as defined in the Settlement Agreement does not occur, the Settlement Agreement shall be deemed null and void and all parties shall be returned to their pre-settlement positions, with all rights to make any arguments they had prior to the settlement, and with no right to rely on, cite to, or consider as evidence any filings made pursuant to the terms of the Settlement Agreement.   In particular, in the event the Final Effective Date does not occur, there shall be no admission or effect upon this Court's view regarding whether Rule 23 class certification is or may be appropriate in this action or any other matter or on whether the conditionally-certified FLSA collective is appropriate for final certification.

21.     The parties are ordered to carry out the Settlement according to the terms of the Settlement Agreement.

22.     The Court will conduct a fairness hearing pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure on   Nov. 15th, 2018   , at   10:00   A.m. in Courtroom one,         Albany         , New York (the "Fairness Hearing"), for the purposes of:  (a) hearing any timely and properly filed objections; (b) making a final determination as to the fairness, adequacy, and reasonableness of the Settlement Agreement terms and procedures; (c) fixing the amount of attorneys' fees and litigation costs and expenses to Class Counsel and service awards

to Plaintiffs, if appropriate; and (d) entering Judgment, if appropriate.  The Fairness Hearing may be continued without further notice to Class Members. The Plaintiffs shall file their motion for final approval of the settlement, and Class Counsel shall file their motion for attorneys' fees, litigation costs and expenses, and service awards on or before ___11/04/18_____.

23.     The following dates shall govern the schedule in this action:

| | |
|---|---|
| ___7/05/18___ [15 business days after Preliminary Approval Order is entered] | Defendant's Counsel will provide the Settlement Claims Administrator and Class Counsel with the Class Member mailing list in electronic form containing the following information:  name, last known address, and starting and ending dates of employment as a salaried, exempt Store Manager, as that information exists in Defendant's records ("Class List") |
| ___8/06/18___ [At least 30 days after Preliminary Approval Order is entered] | Mailing of Class Notice. |
| ___9/20/18___ [45 days after the Claims Administrator mails notice] | Last day for Class Members to submit written objections to the Settlement. |
| ___9/20/18___ [45 days after the Claims Administrator mails notice] | Last day for Class Members to "opt out" of the Settlement. |
| ___9/20/18___ [45 days after the Claims Administrator mails notice] | Last day for Class Members to qualify as a Participating Claimant by filing claim forms to join settlement. |
| ___10/04/18___ | Last day for parties to reconcile final distribution of all Allocated Settlement payments to Authorized Claimants, as well as all costs and fees. |
| _____ | |

| | |
|---|---|
| 11/04/18 | Last day for filing and service of papers in support of final settlement approval with the Court. |
| 11/15/18 | Fairness Hearing. |

**IT IS SO ORDERED.**

Dated: __June 20th____, 2018

Lawrence E. Kahn
U.S. District Judge