**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
**SYRACUSE DIVISION**

| | |
|---|---|
| ANTHONY GRIFFIN, MARK MCINDOO, and SUZANNE DETOMASO, on behalf of themselves and all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) |
| ALDI, INC., DOE DEFENDANTS 1-10, | ) |
| Defendants. | ) |

Civil Action No.: 5:16-cv-354 (LEK/ATB)

**DECLARATION OF ADAM R. GONNELLI IN SUPPORT OF PLAINTIFFS' MOTIONS FOR FINAL APPROVAL OF SETTLMENT AND APPLICATION FOR ATTORNEYS' FEES AND EXPENSES**

I, Adam R. Gonnelli, declare as follows:

1.      I am a partner of The Sultzer Law Group, P.C. ("Sultzer Firm"), counsel for Plaintiffs in the above-captioned matter.  I submit this declaration in support of Plaintiffs' Motions for final approval of settlement and application for attorneys' fees in connection with services rendered in this case, as well as the reimbursement of expenses incurred by my firm in connection with this collective and class action litigation.  I have personal knowledge of the matters set forth herein based upon my active supervision and participation in all material aspects of this litigation.

2.      Mr. Gattuso and I began investigating the case in December of 2015 when we met with Plaintiffs and other former Aldi Store Managers.

3.      We agreed to take the case on a wholly contingent basis.

4.      After several more meetings and extensive investigation into Aldi and its practices, Plaintiffs filed their complaint on March 29, 2016.

5.      On June 24, 2016 Aldi moved to dismiss Plaintiffs' unjust enrichment claim.

6.      On July 15, 2016 Magistrate Judge Baxter issued an order bifurcating discovery.

7.      On August 1, 2016 Aldi served its document requests.

8.     On August 24, 2016 Plaintiffs served document requests and interrogatories and Aldi served interrogatories.

9.     On September 16, 2016 Plaintiffs responded to Aldi's document requests.

10.    On September 28, 2016 Aldi produced approximately 8,740 pages of documents.

11.    On October 4, 2016, Aldi supplemented their production with an additional 157 pages.

12.    On November 16, 2016, Aldi filed an answer to the Complaint.

13.    Aldi responded to Plaintiffs' document requests and interrogatories on September 28, 2016.

14.    The three named Plaintiffs were deposed on October 5-7, 2016.

15.    On December 14, 2016, Judge Kahn issued an order granting Aldi's motion to dismiss Plaintiffs' unjust enrichment claim.

16.    On December 16, 2016, Plaintiffs filed their motion for conditional certification of an FLSA collective under 28 U.S.C. § 216(b).

17.    Aldi opposed the motion on January 17, 2017 and Plaintiffs replied to the opposition on January 31, 2017.

18.    On February 22, 2017, Magistrate Judge Baxter granted Plaintiffs' motion for FLSA certification.

19.    The Parties began to seriously discuss resolution of the case in August of 2017. Plaintiffs' Counsel, based on data provided by Aldi, ran multiple damages calculations and shared these will Aldi.

20.    The Parties engaged in a formal mediation under the auspices of Martin Scheinman, Esq. on October 24, 2017.

21.     The Parties exchanged a great deal of information before and during the mediation but did not reach an agreement at that time.

22.     Over the next few weeks, counsel for the Parties engaged in further discussions telephonically and continued to exchange views on damage calculations and the structure of a proposed settlement.

23.     On January 18, 2018, the parties met with Magistrate Judge Baxter for an in-person settlement conference.  Although the parties made substantial progress toward a resolution, no agreement was reached at that time.

24.     Discussions continued over the next few weeks until a general agreement was reached on February 23, 2018.  The Parties reached an agreement to settle the claims of the FLSA Class and the New York Class for $9,800,000.

25.     Following that, negotiations began on the form of a settlement agreement and notice.

26.     Pursuant to the Settlement Agreement, half of the awards will be designated as wages, and appropriate payroll taxes will be withheld.  The other half will be designated as interest and penalties, and Class Members will receive checks for the full amount and will be issued Forms 1099 for tax purposes.

27.     Plaintiffs and their counsel, after much consideration, believe this settlement to be in the best interests of the workers.  The risks ahead on certification, merits, and damages are considerable.  There is a significant risk that the workers could end up with nothing or a greatly reduced amount should the litigation continue.

28.     After preliminary approval was granted, notice of the Settlement was sent to the FLSA opt-ins and to 158 New York Store Managers who were not already part of the FLSA Class on July 21, 2018.

29.     As a result of this notice, an additional 45 New York Store Managers submitted claims and nine opted out of the settlement.

30.     Aldi's counsel has explained some of the difficulties it had in gathering payroll records to Plaintiffs' counsel.  As an additional safeguard and to ensure the proper distribution of the settlement funds, if the Settlement receives final approval, Plaintiffs' counsel will direct the Claims Administrator to mail letters to the Store Managers to confirm their dates of employment.

31.     In Class Counsel's experience, based on the number of Class Members and Participating Claimants, Class Counsel expects to respond to inquiries from workers and spend time supervising all aspects of the settlement administration, including implementation of the plan of allocation, letters to class members, and the issuance of settlement checks, which will require a substantial and ongoing commitment.  This includes a round of letters to confirm the dates of the Store Managers' employment prior to distribution of the money.

32.     Attached hereto as Exhibit 1 is a true and correct copy of the declaration of named Plaintiff Anthony Griffin, dated November 2, 2018.

33.     Attached hereto as Exhibit 2 is a true and correct copy of the declaration of named Plaintiff Mark McIndoo, dated November 2, 2018.

34.     Attached hereto as Exhibit 3 is a true and correct copy of the declaration of named Plaintiff Suzanne DeTomaso, dated November 2, 2018.

35.     The Sultzer Law Group focuses on complex civil litigation nationwide.  The firm is headquartered in Poughkeepsie, New York, with additional offices in New York City and New

Jersey.  Since its founding in 2013, the firm has acted as lead counsel in a number of high-profile class action cases.  The firm's class action practice group is included in Martindale-Hubbell's Bar Register of Preeminent Lawyers for Class Actions and has also been featured in numerous publications, including Inside Counsel Magazine, Risk Management Magazine, and CNBC News.  Mr. Sultzer, the firm's founding partner, has 20 years of significant experience related to both prosecuting and defending class actions.  Prior to opening The Sultzer Law Group, he served as the co-chairman of the Class Action Practice Group of one of the largest law firms in the country, and he has written and lectured extensively on class action practice.  Partner Adam Gonnelli has served as lead or co-lead counsel in numerous high-profile class action cases throughout the country resulting in multi-million-dollar recoveries to consumers, employees, and investors.

36.    Prior to joining the Sultzer Firm, I was a partner at Faruqi & Faruqi LLP ("Faruqi Firm").

37.    My regular hourly rate as a partner at both the Faruqi Firm and the Sultzer Firm was $795.00 per hour.  For this case, I billed at a discounted rate of $500.00 per hour for all the hours I billed on this case.  *See Seekamp v. It's Huge, Inc.*, No. 1:09-CV-0018, 2014 WL 7272960 (N.D.N.Y. Dec. 18, 2014).

38.    Time expended in preparing the application for fees and reimbursement of expenses has not been included in the fee request.

39.    Travel time has been billed at a 50% rate.

40.    In the exercise of billing discretion, I have not included de minimis time and have removed time that I considered duplicative.

41.    I billed 138.25 hours while working at the Faruqi Firm.  This time and the corresponding lodestar are reflected in the Declaration of Innessa Melamed Huot.

42.     As of November 2, 2018, I billed an additional 602.3 hours while at the Sultzer Firm in this litigation.  The Sultzer Firm lodestar based on the law firm's discounted rates is **$301,150.00**.

43.     As detailed below, my firm has incurred a total of **$1,773.51** in unreimbursed expenses in connection with the prosecution of this litigation, mainly travel costs.

44.     The expenses incurred in this action are reflected on the books and records of my firm, which are available at the request of the Court.  These books and records are prepared from expense vouchers, check records and other source materials and are an accurate record of the expenses as charged by the vendors.  Third-party expenses are not marked up.  Upon request, we will provide the Court with copies of documentation for each of the costs.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on November 5, 2018 at Red Bank, New Jersey.

_____

Adam Gonnelli (Bar Roll #515045)

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
**SYRACUSE DIVISION**

| | |
|---|---|
| ANTHONY GRIFFIN, MARK MCINDOO, and SUZANNE DETOMASO, on behalf of themselves and all others similarly situated,<br><br>           Plaintiffs,<br><br>      v.<br><br>ALDI, INC., DOE DEFENDANTS 1-10,<br><br>           Defendants. | Civil Action No.: 5:16-cv-354 (LEK/ATB)<br><br>**DECLARATION OF ANTHONY GRIFFIN** |

ANTHONY GRIFFIN, named plaintiff in the above-captioned action, affirms under penalty of perjury as follows:

1.      I am a named plaintiff and class representative in the above-captioned action.

2.      I submit this Declaration in support of my application to the Court for a service award in the amount of $10,000.00.

3.      Before the lawsuit was filed, I met with Frank Gattuso and/or Adam Gonnelli two or three times in late 2015. I provided them with my pay records, explained my problem with Aldi and told them what I knew about Aldi's operations and practices. I participated in several additional telephone interviews to assist the attorneys in reviewing the records and answering questions about the documents.

4.      I also provided names and contact information of witnesses to assist with class allegations of other similarly situated employees.

5.      While the attorneys were drafting the Complaint, I participated in additional telephone calls with them to provide additional information regarding Aldi, Inc.'s policies and practices.

6.      I was provided with a draft of the Complaint before it was filed and asked to carefully review it, especially the portion regarding me.  I did so and provided feedback so that any necessary corrections could be made.

7.      After the Complaint was filed, I remained in contact with my attorneys over the next several months regarding the next steps and the status of the case.

8.      When pre-class certification discovery demands were served by Aldi, I was asked to participate in responding to the discovery demands.  I did so by again searching for specific records and documents requested by Aldi, Inc., participating in lengthy telephone conversations, reviewing discovery demands and responding in as much detail as I could.

9.      Thereafter, Aldi, Inc. produced thousands of records relating to me and my work at the Company.  I spent several hours reviewing some of the critical records that my lawyers asked me about.

10.      I participated in numerous telephone calls with my attorneys going over the records, explaining the documents, answering questions, and providing additional information with respect to the records.

11.      Thereafter, I was asked to be deposed by Aldi, Inc.  I appeared for two deposition preparation sessions with my attorneys.  I then sat for an all-day deposition where I was asked questions by Aldi's attorneys.

12.      A few weeks later, I was provided with the very lengthy deposition transcript.  I was asked to read the entire transcript very carefully and to make notations where I thought changes would need to be made and I did so.

13.      When my attorneys were preparing plaintiffs' motion for conditional collective certification, I was again interviewed, and I provided additional information and details to assist

2

with that motion.

14.     After receiving conditional collective certification, numerous individuals reached out to me because my name is on the caption of the lawsuit.  I spent hours on the telephone with many different people answering questions about the lawsuit.

15.     I kept in constant touch with my attorneys because I wanted to stay updated on all case developments.

16.     Thereafter, Aldi, Inc. served merits-based discovery demands and I was again asked to review them for responses.

17.     When settlement discussions began, and a mediation was held in this case, my attorneys again asked for my assistance when they were calculating damages.

18.     I participated in additional telephone interviews with my attorneys where I answered their questions about details that they later included in the damage calculations and settlement discussions.

19.     Throughout settlement negotiations, I was contacted numerous times and kept apprised of every new development and status update.

20.     In sum, I participated in a many hours of both in-person and telephonic interviews with my attorneys, I searched for documents multiple times, I provided voluminous records both pre-suit and in discovery, I participated in the preparation of the Complaint, I participated in responding to discovery, I spent days reviewing discovery and preparing for my deposition, I appeared at all-day deposition, I assisted in the preparation of the motion for conditional collective certification, I participated in further merits-based discovery, I responded to numerous inquiries and calls from other Aldi, Inc. employees, I assisted in the mediation process, I assisted in the settlement process, I kept in constant contact and was kept apprised of all developments in the

3

case.

I declare, pursuant to 28 U.S.C. § 1746 under penalty of perjury, that the foregoing is true, accurate and correct.

Executed the ___ day of November, 2018

_____
Anthony Griffin

# EXHIBIT 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
SYRACUSE DIVISION

| | |
|---|---|
| ANTHONY GRIFFIN, MARK MCINDOO, and SUZANNE DETOMASO, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>   v.<br><br>ALDI, INC., DOE DEFENDANTS 1-10,<br><br>      Defendants. | Civil Action No.: 5:16-cv-354 (LEK/ATB)<br><br>**DECLARATION OF MARK MCINDOO** |

MARK MCINDOO, named plaintiff in the above-captioned action, affirms under penalty of perjury as follows:

1. I am a named plaintiff and class representative in the above-captioned action.

2. I submit this Declaration in support of my application to the Court for a service award in the amount of $10,000.00.

3. Before the lawsuit was filed, I spent a substantial amount of time meeting with the attorneys for several rounds of interviews. I searched my records and gathered documents relating to my employment at Aldi, Inc. I provided voluminous records, many of which were used in the drafting of the Complaint. I participated in several additional in-person and telephonic interviews to assist the attorneys in reviewing the records and answering questions about the documents.

4. I also provided names and contact information of witnesses to assist with class allegations of other similarly situated employees.

5. While the attorneys were drafting the Complaint, I participated in additional telephone calls with them to provide additional information regarding Aldi, Inc.'s policies and practices.

6.      I was provided with a draft of the Complaint before it was filed and asked to carefully review it, especially the portion regarding me. I did so and provided feedback so that any necessary corrections could be made.

7.      After the Complaint was filed, I remained in contact with my attorneys over the next several months regarding the next steps and the status of the case.

8.      When pre-class certification discovery demands were served by Aldi, Inc., I was contacted by my attorneys and asked to participate in responding to the discovery demands. I did so by again searching for specific records and documents requested by Aldi, Inc., participating in lengthy telephone conversations, and reviewing discovery responses.

9.      Thereafter, Aldi, Inc. produced thousands of records relating to me and my work at the Company. I spent several days reviewing some of the critical records that my lawyers asked me about.

10.      I participated in numerous telephone calls with my attorneys going over the records, explaining the documents, answering questions, and providing additional information with respect to the records.

11.      Thereafter, I was asked to be deposed by Aldi, Inc. I appeared for two full days of deposition preparation sessions with my attorneys. I then sat for an all-day deposition where I was asked questions by Aldi, Inc.'s attorneys.

12.      A few weeks later, I was provided with the very lengthy deposition transcript. I was asked to read the entire transcript very carefully and to make notations where I thought changes would need to be made.

13.      When my attorneys were preparing plaintiffs' motion for conditional collective certification, I was again interviewed, and I provided additional information and details to assist

2

with that motion.

14.     After receiving conditional collective certification, numerous individuals reached out to me because my name is on the caption of the lawsuit.  I spent hours on the telephone with many different people answering questions about the lawsuit.

15.     I kept in constant touch with my attorneys because I wanted to stay updated on all case developments.

16.     Thereafter, Aldi, Inc. served merits-based discovery demands and I was again asked to review them for responses.

17.     When settlement discussions began, and a mediation was held in this case, my attorneys again asked for my assistance when they were calculating damages.

18.     I participated in additional telephone interviews with my attorneys where I answered their questions about details that they later included in the damage calculations and settlement discussions.

19.     Throughout settlement negotiations, I was contacted numerous times and kept apprised of every new development and status update.

20.     In sum, I participated in a many hours of both in-person and telephonic interviews with my attorneys, I searched for documents multiple times, I provided voluminous records both pre-suit and in discovery, I participated in the preparation of the Complaint, I participated in responding to discovery, I spent days reviewing discovery and preparing for my deposition, I appeared at all-day deposition, I assisted in the preparation of the motion for conditional collective certification, I participated in further merits-based discovery, I responded to numerous inquiries and calls from other Aldi, Inc. employees, I assisted in the mediation process, I assisted in the settlement process, I kept in constant contact and was kept apprised of all developments in the

case.

I declare, pursuant to 28 U.S.C. § 1746 under penalty of perjury, that the foregoing is true, accurate and correct.

Executed the _2_ day of November, 2018

Mark McIndoo

# EXHIBIT 3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
SYRACUSE DIVISION

| | | |
|---|---|---|
| ANTHONY GRIFFIN, MARK MCINDOO, and SUZANNE DETOMASO, on behalf of themselves and all others similarly situated, | ) ) ) ) | Civil Action No.: 5:16-cv-354 (LEK/ATB) |
| Plaintiffs, | ) ) | |
| v. | ) ) | **DECLARATION OF SUZANNE DETOMASO** |
| | ) ) | |
| ALDI, INC., DOE DEFENDANTS 1-10, | ) ) | |
| Defendants. | ) | |

SUZANNE DETOMASO, named plaintiff in the above-captioned action, affirms under penalty of perjury as follows:

1.  I am a named plaintiff and class representative in the above-captioned action.

2.  I submit this Declaration in support of my application to the Court for a service award in the amount of $10,000.00.

3.  Before the lawsuit was filed, I spent a substantial amount of time meeting with the attorneys for several rounds of interviews. I searched my records and gathered documents relating to my employment at Aldi, Inc. I provided voluminous records, many of which were used in the drafting of the Complaint. I participated in several additional in-person and telephonic interviews to assist the attorneys in reviewing the records and answering questions about the documents.

4.  I also provided names and contact information of witnesses to assist with class allegations of other similarly situated employees.

5.  While the attorneys were drafting the Complaint, I participated in additional telephone calls with them to provide additional information regarding Aldi, Inc.'s policies and practices.

6.     I was provided with a draft of the Complaint before it was filed and asked to carefully review it, especially the portion regarding me. I did so and provided feedback so that any necessary corrections could be made.

7.     After the Complaint was filed, I remained in contact with my attorneys over the next several months regarding the next steps and the status of the case.

8.     When pre-class certification discovery demands were served by Aldi, Inc., I was contacted by my attorneys and asked to participate in responding to the discovery demands. I did so by again searching for specific records and documents requested by Aldi, Inc., participating in lengthy telephone conversations, and reviewing discovery responses.

9.     Thereafter, Aldi, Inc. produced thousands of records relating to me and my work at the Company. I spent several days reviewing some of the critical records that my lawyers asked me about.

10.    I participated in numerous telephone calls with my attorneys going over the records, explaining the documents, answering questions, and providing additional information with respect to the records.

11.    Thereafter, I was asked to be deposed by Aldi, Inc. I appeared for two full days of deposition preparation sessions with my attorneys. I then sat for an all-day deposition where I was asked questions by Aldi, Inc.'s attorneys.

12.    A few weeks later, I was provided with the very lengthy deposition transcript. I was asked to read the entire transcript very carefully and to make notations where I thought changes would need to be made.

13.    When my attorneys were preparing plaintiffs' motion for conditional collective certification, I was again interviewed, and I provided additional information and details to assist

2

with that motion.

14.    After receiving conditional collective certification, numerous individuals reached out to me because my name is on the caption of the lawsuit. I spent hours on the telephone with many different people answering questions about the lawsuit.

15.    I kept in constant touch with my attorneys because I wanted to stay updated on all case developments.

16.    When settlement discussions began, and a mediation was held in this case, my attorneys again asked for my assistance when they were calculating damages.

17.    I participated in additional telephone interviews with my attorneys where I answered their questions about details that they later included in the damage calculations and settlement discussions.

18.    Throughout settlement negotiations, I was contacted numerous times and kept apprised of every new development and status update.

19.    In sum, I participated in a many hours of both in-person and telephonic interviews with my attorneys, I searched for documents multiple times, I provided voluminous records both pre-suit and in discovery, I participated in the preparation of the Complaint, I participated in responding to discovery, I spent days reviewing discovery and preparing for my deposition, I appeared at all-day deposition, I assisted in the preparation of the motion for conditional collective certification, I responded to numerous inquiries and calls from other Aldi, Inc. employees, I assisted in the mediation process, I assisted in the settlement process, I kept in constant contact and was kept apprised of all developments in the case.

I declare, pursuant to 28 U.S.C. § 1746 under penalty of perjury, that the foregoing is true, accurate and correct.

3

Executed the 2 day of November, 2018

Suzanne DeTomaso

4