UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
SYRACUSE DIVISION
=========================================

ANTHONY GRIFFIN, MARK MCINDOO, and
SUZANNE DETOMASO, on behalf of themselves and
all others similarly situated,

                      Plaintiffs,                Civil Action No.: 5:16-cv-354
                                                                (LEK/ATB)
    v.

ALDI, INC., DOE DEFENDANTS 1-10,

                      Defendants.
=========================================

## ORDER GRANTING FINAL APPROVAL OF SETTLEMENT

A settlement of the above-styled matter came before this Court on Plaintiffs' unopposed Motion for Final Approval of the Proposed Settlement and Final Certification of Rule 23 Class, Memorandum of Law in Support, Declaration of Brian S. Devery, and exhibits (collectively, the "Final Approval Motion"). After reviewing Plaintiffs' Final Approval Motion, the Court hereby finds as follows:

    A.    On May 27, 2018, the parties filed their motion for preliminary approval of a settlement of the above-styled lawsuit brought by Plaintiffs Anthony Griffin, Mark McIndoo, and Suzanne DeTomaso (the "Named Plaintiffs") against ALDI Inc. (the "Defendant" or "Aldi") along with a memorandum of law in support, the parties' proposed settlement agreement, Declaration of Adam Gonnelli, proposed notices of settlement, and proposed claim form (Docs. 100 to 100-4) (collectively, the "Preliminary Approval Motion"). At the time of that motion, there was a conditionally-certified FLSA collective but no Rule 23 class.

    B.    On June 20, 2018, the Court held a hearing on the Preliminary Approval Motion.

C. On June 21, 2018, this Court issued the "Preliminary Approval Order" (Doc. 102) that did all of the following: (i) granted preliminary approval of the settlement; (ii) conditionally certified a Rule 23 class, for settlement purposes only and pursuant to Rule 23(e), consisting of all current and former Store Managers employed by Aldi at its locations in the State of New York at any time between March 29, 2010 and October 17, 2017 who did not previously join the lawsuit as FLSA opt-in plaintiffs (the "New York Class"); (iii) appointed, for settlement purposes only, the Named Plaintiffs to represent the New York Class; (iv) appointed, for settlement purposes only, Class Counsel; (v) authorized the issuance of Notices of Settlement to the New York Class and the FLSA Collective Members (as defined in the Agreement) in the forms attached the parties' motion for preliminary approval as Exhibits B and C; (vi) required the filing of a motion for final approval of the settlement and for attorneys' fees, litigation costs and expenses, and service awards; (vii) set deadlines for distribution of the Notices of Settlement and related activities as well as the deadline for the motion for final approval and fees, costs, and awards; and (viii) scheduled a fairness hearing pursuant to Rule 23(e)(2) to occur on November 15, 2018 at the courthouse for the U.S. District Court for the Northern District of New York in Albany (the "Fairness Hearing").

D. On November 5, 2018, Plaintiffs filed the Final Approval Motion.

E. On November 15, 2018, the Court held the Fairness Hearing.

F. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Plaintiffs seek class certification for settlement purposes only of the New York Class as defined above.

G. The Court has duly considered all the submissions presented with respect to the Final Settlement Agreement and Release (the "Agreement").

H.    All capitalized terms in this Final Approval Order with respect to the settlement that are not otherwise defined have the same meaning as in the Agreement.

I.    NOW, THEREFORE, after due deliberation and for good cause, the Court hereby makes the following Determinations and Orders:

1.    For the reasons set forth in Plaintiffs' Final Approval Motion, the Court finds that the requirements of Rule 23(e) have been met and that certification of a settlement class is warranted. Specifically, in the context of certifying a settlement class, the proposed New York Class is sufficiently numerous that joinder of separate actions is impracticable, and the members of the New York Class share common issues of law and fact. For the purposes of certifying a settlement class, the Named Plaintiffs also have claims that are typical of those of the New York Class. Further, the Named Plaintiffs are adequate representatives of the New York Class because their interest are co-extensive with the interests of the New York Class Members and are not in conflict with them. The Named Plaintiffs have also retained experienced Class Counsel to represent the New York Class. Additionally, for the purposes of certifying a settlement class, questions of law and fact common to the New York Class predominate over individualized issues, and class treatment is a superior way to fairly and efficiently settle this matter. Nothing in this Final Approval Order is intended to indicate whether the Court believes class certification, or final certification of the conditionally-certified FLSA collective, is appropriate in this matter outside of the context of the certification of a settlement class. Accordingly, for purposes of this Final Approval Order and for purposes of the settlement only, the Court hereby certifies the following New York Class: all current and former Store Managers employed by Aldi at its locations in the State of New York at any time between March 29, 2010 and October 17, 2017 who did not previously join the lawsuit as FLSA opt-in plaintiffs.

2. The Court finds that the dissemination of the Notices of Settlement, attached as Exhibits A and B to the Declaration of Brian S. Devery for Angeion Group, in the form and manner ordered by the Court was accomplished as directed, was the best notice practicable, and met the requirements of law and due process.

3. The Notices fully and accurately stated that the New York Class Members may request to be excluded from the settlement by submitting a written, signed statement clearly indicated their desire to opt out of the settlement, and further stated that the opt-out letter must be faxed, emailed, or mailed via First Class U.S. Mail and postmarked to the Settlement Claims Administrator not later than September 3, 2018. According to the Declaration of Brian S. Devery, nine New York Class Members have requested exclusion from the settlement, and no FLSA Collective Members have requested exclusion from the settlement. The names of those who have requested exclusion are listed in Paragraph 11 of the Declaration of Brian S. Devery.

4. The Notice given to New York Class Members also fully and accurately stated that New York Class Members may object to the Agreement by sending a letter to the Settlement Claims Administrator that provided the reasons for objection and any supporting documentation not later than September 3, 2018. According to the Declaration of Brian S. Devery, no New York Class Members have objected to the settlement. Devery Decl. ¶ 10.

5. In addition, the Notice given to New York Class Members, along with the Claim Form enclosed with it, fully and accurately stated that New York Class Members who desired to become Authorized Claimants and receive a settlement payment must return a Claim Form to the Settlement Claims Administrator on or before September 3, 2018. According to the Declaration of Brian S. Devery, 45 New York Class Members timely returned Claim Forms. Devery Decl. ¶ 9. The names of these claimants and copies of their Claim Forms (with

redactions of their contact information) have been filed with this Court as Exhibit C to the Declaration of Brian S. Devery. Pursuant to the parties' Agreement and by virtue of Class Counsel's filing of their Claims Forms with the Court as an exhibit to the Declaration of Brian S. Devery, these 45 New York Class Claimants are deemed FLSA opt-in plaintiffs as well.

6. The Court finds that the plan of allocating settlement amounts to each Authorized Claimant (i.e., each FLSA Collective Member and each New York Class Claimant), as described in Section 3.5 of the parties' Agreement, is fair, reasonable, and adequate.

7. The Court also finds that the Agreement represents the arms'-length settlement of a bona fide dispute regarding wages paid to the Named Plaintiffs, FLSA Collective Members, and New York Class Members under the Fair Labor Standards Act ("FLSA") and New York law and overall is a fair, reasonable, and adequate settlement and should be approved pursuant to Rule 23(e) and pursuant to the accepted process for approval of FLSA collective settlements as described in decisions by the U.S. District Court for the Northern District of New York. *See generally Marroquin v. Champlain Valley Specialty of New York, Inc.*, No. 5:15-cv-00441 (MAD/TWD), 2016 WL 3406111 (N.D.N.Y. June 17, 2016); *Hanifin v. Accurate Inventory and Calculating Svc., Inc.*, No. 11 Civ. 1510(MAD)(ATB), 2014 WL 4352060 (N.D.N.Y. Aug. 20, 2014). The Agreement will ensure prompt payment to all Authorized Claimants and avoids the risks and expenses of continued litigation.

8. The Court has reviewed the terms and conditions of the Agreement, including the monetary relief provisions, the planned allocations, the Released Class Claims, the Released FLSA Claims, and the Named Plaintiffs' Release of Claims, Promise Not to Sue, and Agreement to No Re-Employment. Based on this review of the Agreement, Plaintiffs' Final Approval Motion, and the Declaration of Brian S. Devery in support of the Final Approval

Motion, with supporting exhibits, and based on the Court's familiarity with this case, the Court has balanced the strength of Plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining collective action and class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; and the reaction of the FLSA Collective Members and New York Class Members to the proposed settlement. Based on these factors, the Court finds that the Agreement is fair, reasonable, and adequate and directs consummation of the Agreement in accordance with its terms and provisions.

9. The Court further finds that the Agreement is the result of extensive, arm's-length negotiations between the Parties after Class Counsel and Defendant's Counsel had fully investigated the claims and become familiar with the strengths and weaknesses of the claims. The assistance of an experienced wage and hour class and collective action mediator Martin Scheinman, Esq. at an October 2017 mediation and the assistance of Magistrate Judge Andrew T. Baxter at a settlement conference in January 2018, as well as the length of settlement discussions, confirm that the settlement is not collusive.

10. The Agreement is binding on all FLSA Collective Members and New York Class Members who did not timely opt out of the settlement pursuant to Section 4.2 of the Agreement.

11. For purposes of this Final Approval Order and the settlement only, the Court hereby appoints the Named Plaintiffs Anthony Griffin, Mark McIndoo, and Suzanne DeTomaso as representatives of the New York Class that has been certified for settlement purposes only. Further, the Court approves Service Awards for the Named Plaintiffs in the amount of $10,000.00 each.

12. For purposes of this Final Approval Order and the settlement only, the Court hereby appoints Adam R. Gonnelli of The Sultzer Law Group, P.C., Frank S. Gattuso, Innessa S. Huot of Faruqi & Faruqi, LLP, Jeffrey K. Brown and Michael A. Tompkins of Lees Brown Law, P.C., and Lloyd R. Ambinder of Virginia & Ambinder, LLP as Class Counsel.

13. Further, the Court finally approves as fair and reasonable attorneys' fees and costs in the amount of $3,266,666.67.

14. The Class was notified of Class Counsel's intention to seek this fee and costs award, and none expressed any opposition.

15. The Court has the discretion to use the "percentage of the fund" or the "lodestar" method to arrive at a reasonable fee award. The Court will rely primarily on the percentage method, but will use the lodestar method as a cross check to confirm the reasonableness of the request.

16. The Court finds that the factors discussed in *Goldberger v. Integrated Research, Inc.*, 209 F.3d 43 (2d Cir. 2000) support the award.

17. Class Counsel have submitted time records demonstrating that they expended 4182.3 hours on the litigation during and before its pendency. This case has been complex. As discussed above, the litigation is of the "hybrid" wage and hour type, and includes claims under both the federal Fair Labor Standards Act and the New York Labor Law. Factually, the case is fundamentally about misclassification, which requires a detailed and thorough examination of worker duties in hundreds of locations. In addition, the allegations concerning off the clock work are challenging since there are no records to support Plaintiffs' allegations.

18. The quality of the representation also supports the award. Plaintiffs' Counsel have worked diligently and are experienced and well-versed in wage and hour cases and class actions.

19. The percentage of the settlement sought by Class Counsel is reasonable and comports with usual practice in the Second Circuit in cases of this type. Public policy also favors fee awards to incentivize counsel to take on difficult cases that help enforce remedial statutes such as the FLSA and New York Labor Law.

20. Using the lodestar method as a cross-check confirms the reasonableness of the fees request. Class Counsel's lodestar is $1,628,608.75. The award sought would yield a lodestar multiplier of 1.96, which is well within the norms in the Second Circuit. *See, e.g., Sewell v. Bovis Lend Lease, Inc.*, No. 09 Civ. 6548 (RLE), 2012 WL 1320124 (S.D.N.Y. Apr. 16, 2012).

21. The $74,133.09 in expenses incurred by Class Counsel, which include costs of mediation, are reasonable.

22. Distribution of _-_ % of Class Counsel's fees and costs ($__500,000__.__), however, shall be contingent on a further, Supplemental Order Granting Final Approval of Settlement, which shall be issued upon the Court being satisfied that the attorneys' fees lien held by the O'Hara Law Office, P.C. d/b/a O'Hara O'Connell & Ciotoli ("O'Hara Firm") has been resolved and/or determined under N.Y. Judiciary Law 475. Until that Supplemental Order has been issued, the Settlement Claims Administrator shall refrain from distributing that portion of the fees and costs awarded to Class Counsel. Upon making full payments to the Settlement Claims Administrator for attorneys' fees and costs, Aldi is released from claims which may be

asserted by the O'Hara Firm in connection with this matter, including but not limited to claims for legal fees or expenses.

23. For purposes of this Final Approval Order and the settlement only, the Court hereby appoints Angeion Group as the Settlement Claims Administration to administer the settlement as more specifically set forth in the Agreement in accordance with the terms and conditions of the Agreement, as amended by this Final Approval Order.

24. In addition, the Court orders the Settlement Claims Administrator to reserve in the Qualified Settlement Fund $10,000.00 as the Reserve Amount to cover any errors or omissions in making the Individual Net Amount payments to the Authorized Claimants.

25. Pursuant to Section 1.15 of the Agreement, the Final Effective Date of the Agreement shall be the last of the following dates: (i) if no appeal of this Final Approval Order is timely filed, 30 days after its entry; (2) if an appeal of this Final Approval Order is timely filed, after any appeal has been finally dismissed, this Final Approval Order has been affirmed on appeal in a form substantially identical to its current form as entered by this Court, the time to petition for review of any appellate decision affirming this Final Approval Order has expired, and, if a petition for review of an appellate decision is filed, after the petition has been denied or dismissed or, if granted, has resulted in affirmance of this Final Approval Order as it was entered by this Court.

26. In accordance with Section 3.1(B) of the Agreement, within fourteen (14) days after the Final Effective Date, Defendant will deposit $9.8 million into the Qualified Settlement Fund established by the Settlement Claims Administrator. In no event shall Defendant be asked to pay any additional amounts to the Named Plaintiffs, FLSA Collective

Members, New York Class Members, Class Counsel, the Settlement Claims Administrator, or anyone else in connection with this lawsuit.

27. Within 30 (thirty) days of the funding of the Qualified Settlement Fund, the Settlement Administrator will make payments to the Authorized Claimants for their Individual Net Amounts, minus all taxes owed to federal and state taxing authorities for both employer- and employee-side taxes pursuant to Section 3.6 of the Agreement and to the Named Plaintiffs for the Court-approved Service Awards. The Settlement Administrator shall also, within the time periods prescribed by law and/or regulations, remit all applicable tax withholdings and issue all required tax reports to the appropriate taxing authorities and to the Authorized Claimants as required by the Agreement and/or by law.

28. The Settlement Administrator shall make all payments as described in and in the timeline set forth in the Agreement.

29. With the exception of the payment of Class Counsel's fees and costs, the Parties are directed to implement the terms of the Agreement.

30. Defendant is released and discharged from any and all liability with respect to the Released Class Claims, Released FLSA Claims, and the Named Plaintiffs' Released Claims in accordance with the terms and conditions of the Agreement.

31. All of the Named Plaintiffs' Released Claims, New York Class Members' Released Class Claims, and Authorized Claimants' Released Class Claims and Released FLSA Claims are resolved, settled, and dismissed with prejudice, in accordance with the terms and conditions of the Agreement.

32. The Settlement Claims Administrator shall (1) provide a list to Class Counsel and Defendant's Counsel of the Authorized Claimants along with a verification that it

has made proper withholdings from and distributed the Settlement Checks, and (2) retain copies of all of the endorsed Settlement Checks.

33. If any Settlement Checks or Service Awards remain uncashed and if any Reserve Amount remains in the Qualified Settlement Fund one calendar year after the mailing of the Settlement Checks to the Authorized Claimants, those remaining amounts shall be paid back to ALDI Inc. pursuant to Section 3.1(F) of the Agreement.

34. Neither this Final Approval Order, the Agreement, nor any document referred to herein, nor any action taken to carry out the Agreement is, may be construed as, or may be used as an admission by or against Defendant (or any of the released parties listed as included within the definition of "Defendant") of any fault, wrongdoing, or liability whatsoever. Nor is this Final Approval Order a finding of the validity of any claims in the lawsuit or of any wrongdoing by Defendant (as defined in the Agreement to include other released parties). No party shall be deemed the prevailing party by virtue of the Agreement or this Final Approval Order.

35. Without affecting the finality of this Final Approval Order in any way, this Court hereby retains continuing and exclusive jurisdiction over all matters related to the administration and consummation of the terms and conditions of the Agreement.

**IT IS SO ORDERED.**

Dated: ___November 15___, 2018

_____
Lawrence E. Kahn
U.S. District Judge